UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-CV-23039-RNS

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
)
Plaintiffs, )
vs. )
)
)
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, ALEXANDER AYZEN, and )
DAGOBERTO FREITAS, )
)
)
Defendants. )
_____

## MOTION TO RE-OPEN CASE & FOR CLERK TO DEFAULT CORPORATE DEFENDANT

Plaintiff, by and through Undersigned Counsel, moves that this Honorable Court re-open the instant action, as Defendant A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL was served on August 18, 2016, for the clerk to enter default against A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, for not having answered the Complaint, in accordance with Federal Rule of Civil Procedure 55(a), allow Plaintiff to move for final default within seven days of the instant action being re-opened, and in support of which states as follows;

**Memorandum of Law**

1. The Corporate Defendant was served within the 120 day time limit mandated by Rule 4(m) of the Federal Rules of Civil Procedure. Service was effected August 18th, 2016, *See, Ex. A.*

2. Plaintiff inadvertently failed to file the return of service with the Court and move for default when the Corporate Defendant did not answer.

3. Plaintiff should not be biased by Counsel's excusable neglect. Under Rule 4(m) courts are awarded broad discretion to extend service deadlines, and to reinstate cases dismissed for the failure to meet a service deadline.

> "If the court determines that good cause does not exist under Rule 4(m) to extend the time for service, the court then must consider whether it should dismiss the plaintiff's case or exercise its discretion to extend time for service. *Steinberg,* 2008 WL 4500395, at *3. Although the text of Rule 4(m) might suggest the contrary, Rule 4(m) allows the exercise of judicial discretion to extend the deadline for service, even in circumstances where the plaintiff has not shown good cause for noncompliance with the 120–day service requirement. *Id.* (citing *Horenkamp,* 402 F.3d at 1132–33 ("[t]hus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause"))."

*Crossley v. Armstrong Homes, Inc.*, No. 5:14-CV-117-OC-22PRL, 2014 WL 5258303, at *2 (M.D. Fla. Oct. 15, 2014)

4. In the instant case the service deadline was met and the Plaintiff's Counsel, inadvertently failed to file the return, due to an internal clerical error. Service was completed in a timely fashion. Further, since the Defendants failed to file an answer, and should have been defaulted but for the clerical error, the clerical error did not bias the Defendant in any way, nor would defaulting the Defendant after having given Defendant this additional time to file an answer. Rule 55(a) of the Federal Rules of Civil Procedure dictate the entry of a clerk's default upon the reopening of the case, and Plaintiff moves for same.

5. Given that with the additional time allotted by a clerical error, the Defendant's answer is about two months overdue, hence in the interest of judicial economy, and seeing that waiting for an

answer will be fruitless, the Plaintiff requests that he be given seven days, from the re-opening of the case to file a final default motion with the Court.

WHEREFORE; Plaintiff, by and through Undersigned Counsel, moves that this Honorable Court re-open the instant action, as Defendant A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL was served on August 18, 2016, for the clerk to enter default against A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, for not having answered the Complaint, in accordance with Federal Rule of Civil Procedure 55(a), and allow Plaintiff to move for final default within seven days of the instant action being re-opened.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 08, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua Sheskin

Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028