United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Leonel Romeli Mix Donis, and all others similarly situated, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 16-23039-Civ-Scola ) |
| A&A Auto Pride LLC, and others, Defendants. | ) ) |

**Order Reopening Case And On Clerk's Default Procedure**

The Plaintiff filed his Complaint on July 13, 2016, and was responsible for serving the Defendants with a summons and complaint by October 11, 2016. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m). On October 17, 2016, the Court order the Plaintiff to serve the Defendants by October 25, 2016 or show good cause exists for its failure to timely serve the Defendants. (ECF No. 9.) The Plaintiff failed to comply and, on November 8, 2016, the Court dismissed the case. (ECF No. 10.) That same day, the Plaintiff filed the executed summons with the Court (ECF No. 11) and moved to reopen the case (ECF No. 12). The Plaintiff informed the Court that the Defendant A&A Auto Pride LLC was served on August 18, 2016, but the Plaintiff's counsel neglected to file the executed summons or comply with the Court's 4(m) order. (ECF No. 12). After considering the motion, the Court orders the Clerk to **reopen** this case. The Court's prior 4(m) dismissal remains in effect for all claims against Defendants Alexander Ayzen and Dagoberto Freites because the Plaintiff only filed executed summons for Defendant A&A Auto Pride LLC.

Based on the executed summons, Defendant A&A Auto Pride LLC's answer was due on September 1, 2016. No answer has been filed. Accordingly, in order to resolve this case justly, swiftly, and economically the Court **orders** the Plaintiff to submit a *Motion for Entry of Clerk's Default* by **November 25, 2016**, consistent with Federal Rule of Civil Procedure 55(a). The *Motion* must include a certificate of service indicating that the Plaintiff sent it to the Defendant(s), including the address(es) it was mailed to.

Alternatively, if the Plaintiff no longer wishes to prosecute this action, or has otherwise settled the matter, the Plaintiff must immediately file a *Notice of Voluntary Dismissal* in keeping with Federal Rule of Civil Procedure 41(a)(1)(A)(i). This option is not available to FLSA Plaintiffs. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982)

(explaining that in an action brought pursuant to the Fair Labor Standards Act, the court must scrutinize the settlement agreement for fairness).

If the Clerk enters a default and the Defendant fails to move to set aside the default, or fails to otherwise respond to this lawsuit, the Plaintiff must promptly seek a default judgment, consistent with Federal Rule of Civil Procedure 55(b). If the Plaintiff fails to timely seek a Clerk's default or a default judgment, the Court may dismiss this action, without prejudice, for failure to prosecute.

**Done and ordered** in chambers at Miami, Florida on November 15, 2016.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*

Counsel of record via CM/ECF

Defendant A&A Auto Pride LLC
c/o Allan M. Glaser, P.A., Registered Agent
11900 Biscayne Blvd, Suite 807
Miami, FL 33181