UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　vs. )
　　　　　　　　　　　　　　　　　　　)
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, )
ALEXANDER AYZEN, )
DAGOBERTO FREITAS, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DAGOBERTO FREITAS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT [DE45]**

　　COMES NOW the Plaintiff, by and through the undersigned counsel, and hereby files his Response in Opposition to Defendant Dagoberto Freitas' ("Freistas") Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for a More Definite Statement, filed as [DE45], and in support thereof states as follows:

　　1.　　This matter sounds under the Fair Labor Standards Act ("FLSA") regarding allegations for overtime and minimum wage violations under 29 U.S.C. §§ 201-216. [DE35].

　　2.　　Defendant Freitas' Motion [DE45] seeks to dismiss Plaintiff's Amended Complaint [DE35] for alleged impermissible commingling of separate and distinct claims against the separate defendants and for alleged failure to sufficiently plead willfulness in relation to the statute of limitations.

　　3.　　The law cited to by Defendant Freitas regarding alleged impermissibly commingling

1

separate claims is not on point for FLSA matters as set forth in more detail below.

4. Further, as set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiff had while employed by Defendants, the dates that Plaintiff was employed by Defendants, FLSA coverage/subject-matter jurisdiction, and allegations of willfulness. The Court should refrain from dismissing the Amended Complaint [DE35] on statute of limitations grounds because a determination on the relevant statute of limitations is, necessarily, tied to whether Defendants recklessly or willfully violated the FLSA, which will be determined after the close of discovery.

5. At this point in light of the facts pled, each Defendant is in a position to answer the Complaint and raise their affirmative defenses (i.e. statute of limitations, good faith, etc.) as evidenced by the other Defendants, A&A Auto Pride, L.L.C. a/b/a Sunny Isles Mobil and Alexander Ayzen, filing of their Answer and Affirmative Defenses. *See,* [DE38 & 39]. As the discovery process commences Plaintiff will need to take various depositions and engage in further discovery as to issues related to Plaintiff's adequately alleged Complaint.

6. Defendant Freitas appears to be raising factual arguments regarding the economic realities test that are beyond the four corners of the Amended Complaint, which is not appropriate at this stage prior to the commencement of discovery.

7. Therefore, Defendant Freitas' Motion [DE45] should be denied in its entirety and the Court should order Defendant Freitas to file an Answer so that Plaintiff can know Defendant Freitas' position in the case at bar with regards to his affirmative defenses. Should the Court grant Defendant Freitas any relief, Plaintiff respectfully requests fourteen (14) days from the date of the Court's Order to file a Second Amended Complaint.

**MEMORANDUM OF LAW**

<u>Motion to Dismiss Standard</u>.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiffs to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Rule 8 of the Fed.R.Civ.P. states that a complaint "shall contain … a short and plain statement" setting forth entitlement to relief. Defendants are on notice of what the Plaintiff claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953). The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting **Twombly, 127 S. Ct. at 1965**). To state a

> claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

4

> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc*., 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA matters are quite straightforward types of claims, and in the instant matter, Defendant Freitas cannot claim he does not understand the allegations regarding Plaintiff's employers during the relevant period alleged. As set forth below, Defendant Freitas has not shown as a matter of fact or law that dispositive relief is justified.

Plaintiff is not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiff must only allege "that [he] was an employee covered by the FLSA who worked for Defendant[s], that Defendant[s] failed to pay [him] time-

5

and-a-half wages for [his] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at *2. Plaintiff has done so here. Further, the Court should limit its analysis to the four corners of the Complaint and accept Plaintiff's allegations as true. Plaintiff has adequately pled the dates he worked for Defendants and the position he held in Par. 10 and Par. 15 also provides the average hours alleged per week and average rate of pay. [DE35]. Plaintiff has also adequately pled the required FLSA coverage in Par. 11-14. *Id.; See also,* 29 C.F.R. § 552.99. Plaintiff must address the issue of FLSA coverage through adequate discovery, as coverage has been pled within the four corners of the Complaint. Defendant Freitas is in a position to set forth in his Answer details why Plaintiff is not a covered employee under the Act. So long as Defendants refuse to stipulate to such facts, Plaintiff will need to conduct extensive discovery on such topics including but not limited to deposing various witnesses, Defendants' accountant(s), Defendants' suppliers, conducting a property inspection, etc., and, therefore, Defendants need to file an Answer as they are able to respond and raise defenses.[1] *See, Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010); *See also, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008).

---

[1] This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists. For the reasons herein dismissal is inappropriate regardless due to discovery issues. However, even if Defendants would argue that subject matter jurisdiction is an exceptional ground allowing factual attacks at the dismissal stage, the dispositive issue at hand technically concerns coverage under a federal statute (the FLSA) as opposed to jurisdiction. The First Circuit in *Chao v. Hotel Oasis, Inc*., 493 F.3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage is not a jurisdictional question under the FLSA in light of the Supreme Court's ruling in *Arbaugh v. Y&H Corp*., 546 U.S. 500 (2006); although the Eleventh Circuit in *Turcios* did not rule on such matter because the alleged jurisdictional nature of enterprise coverage was not in dispute. *Turcios,* 275 Fed. Appx. at FN5. Moreover, the Southern District of Florida has been "persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional." *Rodriguez v. Diego's Restaurant, Inc*., 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009).

Such is also the case regarding both individual Defendants' status as individual FLSA employers. An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d).  Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.  *See*, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).  In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Liability may also be found even if control is <u>restricted or exercised only occasionally</u> as such does not diminish the significance of the existence of such control.  *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).  *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324

Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001), and a crucial factor is determining whether Plaintiff was completely economically dependent on the Defendants.[2] With respect to the particular nuance of joint employment and the factors to consider, s*ee*, *Layton v. DHL Express, Inc.*, 686 F.3d 1172, 2012 U.S. App. LEXIS 13978, (11th Cir. 2012).[3] The Eleventh Circuit has "coined" the employer determination under the FLSA as one of law, but has simultaneously stated that if factual issues exist in the employer analysis, then summary judgment is inappropriate and a jury should be left the task of weighing the factual issues relative same. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). As the Eleventh Circuit stated in *Apolinar Martinez-Mendoza et.al. v. Champion International Corporation*, 16 Fla. L. Weekly Fed. C945, (11th Cir. 2003), "no one factor is dispositive" and the laborer must establish the joint employment inference by a preponderance of the evidence." Such points to the need for

---

[2] An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001)(emphasis added). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

[3] The prongs under *Layton* (which analyzes the economic realities test in joint employment scenarios) include: "(1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of the facilities where work occurred, and (7) performance of a specialty job integral to the business. With respect to factor (8), investment in equipment and facilities, the court deems "irrelevant if one were comparing the investment by the workers versus the land owner." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012).

a jury's determination in light of all of the facts adduced via discovery, rather than one of the Court at the dismissal stage---especially when a jury trial has been requested such as in the instant case. After all, it is axiomatic that plaintiffs are entitled to a jury trial in Fair Labor Standard Act suits.  *Lewis v. Times Publishing Co*., 185 F.2d 457 (5th Cir. 1950).  "[I]t is clear that a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *See, Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) and *Caro-Galvan v. Curtis Richardson, Inc*., 993 F.2d 1500 (11th Cir. 1993).

Plaintiff has alleged within the four corners of the Complaint sufficient facts that the individual and corporate Defendants were Plaintiff's FLSA employers under prevailing law. Regarding the Corporate Defendant, Paras. 3, of the Amended Complaint [DE35] alleges that the Corporate Defendant, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, is "a corporation that regularly transacts business within Dade County" and "upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment." Para. 4 of the Amended Complaint alleges that the individual Defendant, ALEXANDER AYZEN, is corporate officers and/or owners and/or managers "of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d)." *Id.* Further, Para. 5 of the Amended Complaint alleges that the individual Defendant, DAGOBERTO FREITAS, is corporate officers and/or owners and/or managers "of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29

U.S.C. 203 (d)." Multiple employers may be responsible for compliance with the FLSA within one business organization, and such issue will need to be addressed through the discovery process.

Defendant Freitas incorrectly cites to Fla. R. Civ. P. 1.110 regarding his alleged claim that Plaintiff has impermissibly commingled separate and distinct claims against separate Defendants. [DE45]. Plaintiff does **not** have a State cause of action in the Complaint. Fla. R. Civ. P. 1.110(f) states as follows:

> All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances, and a paragraph may be referred to by number in all subsequent pleadings. **Each claim founded upon a separate transaction or occurrence** and each defense other than denials **shall be stated in a separate count** or defense **when a separation facilitates the clear presentation of the matter set forth.**

[emphasis added]. "While it may well be preferable to plead different theories of recovery in separate counts, it is not required. Nor is there any requirement that they be pleaded in separate paragraphs. *Hulsey v. Pride Rests., LLC,* 367 F.3d 1238, 1247 (11th Cir.2004)." *Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012)

Plaintiff's claims arise out of the same series of transactions and occurrences and there are questions of law or fact in common between Plaintiff's allegations against each Defendant and, as such, allegations against each Defendant are included in Count I of the Complaint. Further, a separation is not needed as there is a clear presentation of the matter set forth in the Complaint. As such, there is no basis to dismiss the Complaint for a single count against all Defendants, alleging the violation of the FLSA, and the Court should reject Defendants' contentions that Plaintiff has allegedly commingled several causes of action under one sole count. This is further compounded by the fact that Defendants, A&A AUTO PRIDE, L.L.C.

d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN, have already filed their Answer and Affirmative Defenses making it that much more clear the elements to admit or deny. *See,* C*eant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012)

Defendant Freitas can set forth in his Answer details why Plaintiff is not entitled to all years claimed (i.e. statute of limitations). Further to the above-described minimal pleadings standards in FLSA matters, Defendants cannot claim they do not understand what the allegations are. The FLSA requires claims for unpaid overtime compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). As the Southern District Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005). *See also Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). However, in the instant matter, Defendants want to go a step further before even allowing discovery at the dismissal

11

stage. Defendants should not be permitted to dispose of the willfulness allegations when there has been no discovery (particularly depositions of the Defendants and their employees). After Plaintiff has an opportunity to conduct discovery, Defendants will have ample opportunity at trial to defend against allegations of willfulness in relation to the three-year statute of limitations if justified.

The Court should reject Defendant's arguments concerning the statute of limitations (regarding whether a (2) or (3) year period applies), because such issue involves a willfulness determination. A Rule 12(b)(6) dismissal on statute of limitations grounds should only be granted "if it appears beyond a doubt that Plaintiff[] can prove no set of facts" that his claim falls within the statute of limitations. *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (noting that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "only if it is apparent from the face of the complaint that the claim is time-barred because [a] statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint" (internal quotations omitted)).

Here, Plaintiff alleges that he is entitled to overtime wages **both** outside **and** within the statute of limitations period. Plaintiff has pled the period of employment that he worked for Defendants in Par. 9 and Par. 14 also provide the average hours alleged per week and average rate of pay. [DE1]. In Par. 15, Plaintiff has also pled that Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act and, thus Plaintiff has adequately pled willfulness. *Id.; See also, Sanchez v. Chayele,* Case No.: 16-21975-CIV-UU; *Paula v. La Cucina Management, Inc. d/b/a Perricone's*

*Marketplace & Café, et al.,* Case No.: 17-20796-CIV-GAYLES/OTAZO-REYE. Plaintiff is limited to the applicable statutory period based on the allegations in the Complaint,

This fact alone does not warrant dismissal of Plaintiff's Complaint. *See, e.g.*, *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) ("Hence, because the complaint [alleging FLSA violations] was filed on March 2, 2007, any violations that occurred prior to March 2, 2004 would appear to be barred by the statute of limitations. The possibility that *some* of the alleged violations may have occurred during a time-barred period, however, does not sustain the dismissal of the complaint, in its entirety."). The applicable statute of limitations is determined by a willfulness finding, which is properly made at trial by the jury; thus discovery is needed and dismissal is inappropriate and Defendant Freitas is able to raise the statute of limitations as one of their defenses. Just as with the allegations of willfulness, with respect to the hours etc. upon which the claim is based, Defendant can either deny or admit the allegations. Defendant is in a position to deny same in his Answer if such is their contention.  If it is true that Defendant's actions were done "willfully and intentionally" as alleged, the Plaintiff would be entitled to utilize the entire (3) year statute of limitations (as opposed to a mere (2) years). Under Fed.R.Civ.Pro. Rule 8 *supra*, the Complaint contains an adequate "short and plain statement" setting forth entitlement to relief and which gives the defense fair notice of what the Plaintiff is claiming. See, *Swierkiewicz supra.*

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant Freitas' Motion [DE45] in its entirety and Order Defendant Freitas to file his Answer and Affirmative Defenses so that Plaintiff can know Defendant Freitas' position in the case at bar with regards to his affirmative defenses.  Should the Court grant any relief, Plaintiff respectfully requests fourteen (14) days from the date of the Court's Order to file a Second Amended Complaint.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 6/12/17 TO:**

**MATTHEW LETO, ESQ.[4]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.[5]
BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD., PENTHOUSE 2
CORAL GABLES, FLORIDA 33134
PH: (305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM
PLEADINGS@BERENSFERNANDEZ.COM
FRAGA@BERENSFERNANDEZ.COM**

BY:_____/s/ Rivkah F. Jaff_____
   **RIVKAH F. JAFF, ESQ.**

---

[4] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[5] Defense counsel, Mr. Fernandez, Esq., only represents Defendant Dagoberto Freitas. Defendant's Motion to Set Aside Clerk's Default [DE44] is pending.