UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23039-CIV-OAR

LEONEL ROMELI MIX DONIS,

    Plaintiff,

vs.

A&A AUTO PRIDE, LLC. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS

    Defendants.
_____/

## ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, DAGOBERTO FREITAS ("FREITAS"), by and through his undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and in support thereof states as follows:

1. It is admitted this action is brought pursuant to FLSA, however, denies liability. All other allegations and inferences in paragraph 1 are denied.

2. Defendant, FREITAS is without knowledge as to the allegations in paragraph 2. Therefore, denied.

3. Defendant, FREITAS is without knowledge as to the allegations in paragraph 3. Therefore, denied.

4. Defendant, FREITAS is without knowledge as to the allegations in paragraph 4. Therefore, denied.

5. Denied DAGOBERTO FREITAS was or is a corporate officer and/or owner and/or manager of the Defendant Corporation. Denied DAGOBERTO FREITAS ran the day to day

Case 1:16-cv-23039-AOR   Document 52   Entered on FLSD Docket 06/16/2017   Page 2 of 6

operations for the Corporate Defendant. Admitted DAGOBERTO FREITAS was responsible for paying Plaintiff's wages. All other inferences and allegations are denied.

6. Defendant, FREITAS is without knowledge as to the allegations in paragraph 6, therefore denied.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Admitted Plaintiff purports to bring a collective action, denied that any such action is warranted. Denied DAGOBERTO FREITAS failed to pay similarly situated employees for work performed in excess of forty (40) hours per week.

8. Admitted for jurisdictional purposes. All other inferences and allegations are denied.

9. Admitted paragraph 9 cites to 29 U.S.C. C § 207(a)(1), all other inferences or allegations are denied.

10. Denied Plaintiff worked for all Defendants.

11. Denied.

12. Denied.

13. Defendant FREITAS is without knowledge as to the allegations in paragraph 13. Therefore, denied.

14. Defendant FREITAS is without knowledge as to the allegations in paragraph 14. Therefore, denied.

15. Denied.

16. Denied.

2

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

17.     Admitted paragraph 17 cites to cites to 29 U.S.C. C § 206(a)(1)(A), all other inferences or allegations are denied.

18.     Denied.

19.     Denied.

20.     Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense.** Plaintiff fails to state a claim for which relief can be granted. The Complaint fails to set forth enough facts in order to support a claim for intentional violations or violations committed with reckless disregard. The Complaint also fails to state a cause of action for overtime pay in that it does not set forth sufficient facts to support such claim. The allegations pertaining to work in excess of 40 hours per week are insufficient and no inference can be made that Plaintiff is entitled to overtime pay.

**Second Affirmative Defense.** Defendant is not an enterprise engaged in commerce and Plaintiff was not personally engaged in commerce.

**Third Affirmative Defense.** Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel.

**Fourth Affirmative Defense.** Plaintiff is barred or partially barred by the expiration of the statute of limitations period for maintaining an action pursuant to the FLSA.

**Fifth Affirmative Defense.** This action is barred or limited by the *de minimus* doctrine, 29 C.F.R. § 785.47.

**Sixth Affirmative Defense.** Plaintiff is not entitled to compensation for preliminary or

3

postliminary activities in accordance with the Portal to Portal Act.

**Seventh Affirmative Defense.** Any claims for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including, a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

**Eighth Affirmative Defense.** The regular rate cannot be computed based upon, and overtime compensation cannot be recovered, by Plaintiff for periods of time during which she performed no work, including, vacation and/or sick leave, worker's compensation leave, or otherwise was absent from the workplace during that week, including, during holidays, missing meetings and other functions attended voluntarily.

**Ninth Affirmative Defense.** Defendant acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing it was not in violation of the FLSA.

**Tenth Affirmative Defense.** Defendant is not liable for hours which Plaintiff failed to report for hours which were not known to have been worked by Plaintiff.

**Eleventh Affirmative Defense.** Any acts or omissions with regard to pay practices related to Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with the FLSA; accordingly, liquidated damages are not appropriate.

**Twelfth Affirmative Defense.** Defendant's violation, if any, was not willful in nature, and the cause of action should only accrue for two years from the filing of the Complaint. Plaintiff's

claims are barred, at least in part, by the applicable statute of limitations under the Statute of Limitations, 29 U.S.C. § 255.

**BERENS, FERNANDEZ & ASSOCIATES, P.A.**
*Attorneys for Defendant, Dagoberto Freitas*
2100 Ponce De Leon Blvd., Penthouse 2
Coral Gables, Florida 33134
P. (305) 329-2990

/s/ Andres F. Fernandez
Andres F. Fernandez, Esquire
Florida Bar No. 111967
Samantha Fraga-Lopez, Esquire
Florida Bar No. 115957
Fernandez@berensfernandez.com
Fraga@berensfernandez.com
Pleadings@berensfernandez.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished via CM/ECF on this 16th day of June, 2017, to the parties identified on the attached service list.

**[SERVICE LIST ON FOLLOWING PAGE]**

## **SERVICE LIST**

Allyson Morgado
Corona Law Firm
3899 NW 7th Street
2nd Floor
Miami, Florida 33126
E-mail: amorgado@coronapa.com

Joshua Howard Sheskin
Federal Disability Advocates
4300 Biscayne Blvd
Suite 305
Miami, Florida 33137
E-mail: jsheskin@jltrial.com

Neil Tobak
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: ntobak.zidellpa@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: rivkah.jaff_@gmail.com

Matthew Leto
Hall, Lamb, and Hall, P.A.
2665 South Bayshore Dr.
Penthouse One
Miami, Florida 33133
E-mail: mleto@hlhlawfirm.com

                                              /s/ Andres F. Fernandez
                                              Andres F. Fernandez, Esquire