UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23039-CIV-OAR

LEONEL ROMELI MIX DONIS,

      Plaintiff,

vs.

A&A   AUTO   PRIDE,   LLC.   d/b/a
SUNNY ISLES MOBIL, ALEXANDER
AYZEN, DAGOBERTO FREITAS

      Defendants.

_____/

**DEFENDANT DAGOBERTO FREITAS' MOTION FOR PROTECTIVE ORDER
REGARDING THE SUBPOENA DUCES TECUM WITH DEPOSITION OF THE
30(b)(6) CORPORATE REPRESENTATIVE OF RJ HAND CAR WASH LLC**

Defendant, DAGOBERTO FREITAS (FREITAS), by and through undersigned counsel

and Pursuant to Federal Rules of Civil Procedure 26(c)(1) hereby move this Court for entry of a

Protective Order Regarding the Subpoena Duces Tecum with Deposition of the Corporate

Representative of RJ Hand Car Wash, LLC, and as grounds therefore states as follows:

**Introduction**

1.   The above styled case is based on an action against the Defendants for alleged violations

Fair Labor Standards Act, 29 U.S.C. §201, et seq., ("FLSA").

2.   Plaintiff filed suit against A&A AUTO PRIDE (A&A), ALEXANDER AYZEN

(AYZEN), and FREITAS.

3.   Plaintiff was never employed by A&A or AYZEN.

4.   Defendant FREITAS runs a car wash located in Sunny Isles Beach, Florida, where

Plaintiff performed work as a car washer.

5.  Plaintiff was deposed by Defendant A&A and AYZEN's counsel on March 30, 2017. See Deposition Transcript attached as Exhibit A.

6.  Plaintiff testified he worked at FREITAS' car wash seven (7) days a week between the hours of 8:00 a.m. and 9:00 p.m., every single day from 2008 to 2016. See Exhibit A p. 15 L23-25; p. 16 L 1-11.

7.  Plaintiff noted that the car wash where he was employed was the "Sunny Isles Mobil" he is filing suit against in this case. Exhibit A p. 9 L12-22.

8.  Plaintiff, during his deposition, never mentioned working for any entity or individual other than those referenced in the Amended Complaint. [ECF 5].

9.  Based on Plaintiff's own testimony, it would have been impossible for him to work at any other location, other than the one at issue in the case at bar.

10. FREITAS was deposed by Plaintiff's counsel on July 17, 2017 wherein he responded to all questions asked of him over the span of approximately four (4) hours.

11. During FREITAS' deposition, Plaintiff's counsel discovered that FREITAS runs a separate and distinct car wash, RJ Hand Car Wash, which is located on 591 E. Sample Road, Pompano Beach, Florida.

12. Plaintiff was not associated with and never alleged, either in his deposition or any of the pleadings in this case, to be associated with RJ Hand Car Wash.

13. Despite its irrelevance to the issues in the case at bar, as outlined in the pleadings, Plaintiff served a subpoena for deposition duces tecum for the 30(b)(6) Corporate Representative of RJ Hand Car Wash, knowing the individual who would appear as the Corporate Representative was Defendant FREITAS.

14. Plaintiff is attempting to re-depose the Defendant FREITAS in an effort to obtain irrelevant, privileged, and confidential information.

15. The subpoena contains twenty (20) different requests for documents and will only serve to needlessly increase the fees and costs expended by all parties.

16. The Plaintiff has not made any allegations of joint employment or joint enterprise as it relates to RJ Hand Car Wash.

## Memorandum of Law

Federal Rule of Civil Procedure 26(c) states:

c) PROTECTIVE ORDERS.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed.R.Civ.P. 26. For "good cause" shown the Court may issue a protective order preventing a deposition. Fed.R.Civ.P. 26(c); *see McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir.1989). When evaluating whether a movant has satisfied his burden of establishing "good cause" for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985). Trial court is given wide discretion in setting limits of discovery, and its judgment will be overturned only when a clearly erroneous principle of law is applied or no evidence rationally supports the decision. *Id.*

The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will result without one. *Dunford v. Rolly Marine Service, Co.,* 233 F.R.D. 635, 636 (S.D.Fla.2005). *Baratta v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D. Fla. 2007). Under Federal Rule of Civil Procedure 26(c), it is "well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection." Good cause to issue a protective order exists when disclosure will result in a "clearly defined and serious injury to the party seeking the protective order."

Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. See, e.g., *Chamberlain,* 2007 WL 2786421, at 1 ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); *Stewar*t, 2002 WL 1558210, at 3 (same); see also Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear that the scope of discovery

through a subpoena is the same as that applicable to Rule 34 and other discovery rules.");
Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995)
(Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34). The Court, therefore,
must determine whether the subpoenas duces tecum at issue seek irrelevant information and/or
are overly broad under the same standards set forth in Rule 26(b) and as applied to Rule 34
requests for production. See *Wagner v. Viacost.com*, No. 06-81113-Civ, 2007 WL 1879914
(S.D.Fla. June 29, 2007) (Ryskamp, J.) (applying relevance standard of Rule 26(b) to subpoena
duces tecum seeking employment records from the plaintiff's current employer in deciding such
records were not relevant in a FLSA case). *Barrington v. Mortage IT, Inc*., No. 07-61304-CIV,
2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

When discovery appears relevant on its face, the party resisting the discovery has the
burden to establish facts justifying its objections by demonstrating that the requested discovery
(1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or (2) is
of such marginal relevance that the potential harm occasioned by discovery would outweigh the
ordinary presumption in favor of broad disclosure. *Wagner*, 2007 WL 1879914, at 1 (citing *Scott
v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan.1999)); see also *Moore
v. Chertoff*, No. 00-953(RWR)(DAR), 2006 WL 1442447, at 2 (D.D.C. May 22, 2006) (same);
*Merrill v. Waffle House*, 227 F.R.D. 467, 470-71 (N.D.Tex.2005) (same). "*However, when
relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of
the discovery request*." *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D.Kan.
June 6, 2002) (emphasis added). *Barrington v. Mortage IT, Inc*., No. 07-61304-CIV, 2007 WL
4370647, at 3 (S.D. Fla. Dec. 10, 2007).

A party may "move for a protective order if the subpoena seek[s] irrelevant information." *Auto–Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla.2005). A party to a lawsuit may move the Court for entry of a protective order and challenge third-party subpoenas on the basis that they seek irrelevant information. *Id.* at 429.

In the instant case, the Plaintiff is seeking documents dating back to 2011 from RJ Hand Car Wash, which include tax returns, all documents used to prepare the tax returns, bank records, contracts between RJ Hand Car Wash and their clients, a list of employees with names phone numbers and addresses, employee income reporting documents, and corporate books and records, among other things. See Subpoena to RJ Hand Car Wash attached as Exhibit B. Plaintiff does not have a credible interest in the aforementioned documents, as it relates to the case at bar. FREITAS would suffer harm in that he would be subjected to a second deposition and would be required to produce confidential information as it relates to third parties including telephone numbers and addresses of employees. Additionally, FREITAS should not be compelled to produce tax returns for RJ Hand Car Wash. A party should not be required to produce income tax returns absent a showing of compelling need. *Camp v. Correction Med. Serv.*, No. 2:08cv227-WKW, 2009 WL 424723 at *2 (M.D. Ala. Feb. 17, 2009) (citing *Dunkin' Donuts Inc., v. Mary's Donuts, Inc.*, 2001 WL 34079319 at *2 (S.D. Fla. Nov. 1, 2001)); see also *Pendlebury v.Starbucks Coffee Co*., No. 04-80521-CIV, 2005 WL 2105024 at *1-2 (S.D. Fla. Aug. 29, 2005) (stating that "income tax returns are highly sensitive documents that courts should be reluctant to order disclosed during discovery"). See also *Ortiz v. Santuli Corp*., 2009 U.S. Dist. LEXIS 7273 l (S.D. Fla. Aug. 3. 2009). This request is intended to harass Plaintiff.

The discovery sought is not relevant on its face therefore, the Plaintiff has the burden to show the relevancy of the discovery request, which he cannot.  Even if this Court were to

determine that the discovery is relevant on its face, FREITAS has established that the discovery sought does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or (2) as it relates to the Plaintiff's claim as well as to FREITAS' affirmative defenses.

Simply put, the Plaintiff is merely fishing for something without just cause. Moreover, FREITAS, would have to be re-deposed, despite their being no allegations or evidence that Plaintiff was associated with RJ Hand Car Wash or that RJ Hand Car Wash was associated with the car wash at issue. Thus, the Court should use broad discretion to issue a protective order precluding Plaintiff from taking the deposition duces tecum of Defendant Freitas, in his capacity as the 30(b)(6) Corporate Representative of RJ Hand Car Wash, LLC..

Wherefore, Defendant, Dagoberto Freitas, requests this Honorable Court enter an order granting this Motion for protective order regarding the Subpeona Duces Tecum with Deposition of Non Party, RJ Hand Car Wash Inc., and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for the Plaintiff opposes the relief sought herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished via CM/ECF on this 4th day of August, 2017, to the parties identified on the attached service list.

## [SERVICE LIST ON FOLLOWING PAGE]

**BERENS FERNANDEZ & ASSOCIATES, P.A.**
*Counsel for Defendant Dagoberto Freitas*
2100 Ponce de Leon Blvd, PH#2
Coral Gables, FL 33134
Telephone: (305) 329-2990

*/s/*Andres F. Fernandez
ANDRES F. FERNANDEZ
Florida Bar No.: 111967
SAMANTHA M. FRAGA-LOPEZ
Florida Bar No.: 115957
Fernandez@berensfernandez.com
Fraga@berensfernandez.com
Pleadings@berensfernandez.com

## SERVICE LIST

Allyson Morgado
Corona Law Firm
3899 NW 7th Street
2nd Floor
Miami, Florida 33126
E-mail: amorgado@coronapa.com

Joshua Howard Sheskin
Federal Disability Advocates
4300 Biscayne Blvd
Suite 305
Miami, Florida 33137
E-mail: jsheskin@jltrial.com

Neil Tobak
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: ntobak.zidellpa@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: rivkah.jaff_@gmail.com

Matthew Leto
Hall, Lamb, and Hall, P.A.
2665 South Bayshore Dr.
Penthouse One
Miami, Florida 33133
E-mail: mleto@hlhlawfirm.com

/s/ Andres F. Fernandez
Andres F. Fernandez, Esquire