UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
    )
Plaintiff, )
    vs. )
    )
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, )
ALEXANDER AYZEN, )
DAGOBERTO FREITAS, )
    )
        Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT FREITAS' MOTION FOR PROTECTIVE ORDER [DE 53]**

COMES NOW the Plaintiff, by and through the undersigned, and files his Response in Opposition to Defendant FREITAS' Motion for Protective Order, filed by Defendant FREITAS as [DE 53], and in support thereof states as follows:

1. The instant lawsuit sounds under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages and minimum wage violations.

2. During Defendant FREITAS' deposition, Plaintiff elicited testimony from Defendant FREITAS that Defendant FREITAS owns and operates the corporate entity RJ HAND CAR WASH LLC which Plaintiff believes may be part of a joint enterprise as defined by 29 U.S.C. 203(r) as, under information and belief, the related activities between Defendants and RJ HAND CAR WASH LLC were performed through unified operation and/or common control, were being done for a common business purpose, there was

    cross-utilization of employees during the same work weeks simultaneously benefiting all Defendants which are operated by the same company officers for a common business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff is exploring, through discovery, whether Plaintiff will stack income as appropriate pursuant to the applicable law.

3. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d); *See also, Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999) (The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes.); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

4. As such, on August 26, 2017, Plaintiff noticed and issued a subpoena for Deposition *Duces Tecum* of the 30(b)(6) Corporate Representative of RJ Hand Car Wash LLC.[1]

5. Defendant FRIETAS has moved this Court for entry of a Protective Order [DE53] preventing Plaintiff for taking the deposition *duces tecum* of non-party witness, the 30(b)(6) Corporate Representative of RJ HAND CAR WASH LLC.[2]

---

[1] Plaintiff has also served supplemental written discovery, specifically Plaintiff's Supplemental Request for Production and Supplemental Interrogatories, dated 7/21/17, which seeks documentation in relation to same.

[2] *See, Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966). Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will all stipulate that the $500,000 threshold is met.   Plaintiff needs access to all Defendants' records regarding these issues.  As to the $500,000 Plaintiff also refers to stacking of income.  *See, Brennan v Patio Cleaners, Inc.*(1974, SD Ohio) 373 F Supp 987; *See also, Dunlop v Mother Hubbard's Kitchen,*

6. In the case at bar, Defendants are contesting both prongs of FLSA coverage/subject-matter jurisdiction and Plaintiff intends to explore, through discovery, whether Defendants and RJ HAND CAR WASH LLC are joint enterprises as defined by 29 U.S.C. 203(r) so that Plaintiff can stack the income of Defendants and RJ HAND CAR WASH LLC. *See, Brennan v Patio Cleaners, Inc.* (1974, SD Ohio) 373 F Supp 987; *Dunlop v Mother Hubbard's Kitchen, Inc.* (1976, ED Mo) 418 F Supp 34, 79CCH LC P 33451. Plaintiff must have a chance to review and analyze evidence regarding same and to depose the witness for due diligence purposes. *See also, See, Fancois v. Fried Green Tomatoes, Inc.,* 306 F. App'x 443, 445 (11th Cir. 2008) (jury could reasonably question tax returns and business ledgers to determine gross sales).

7. A party does not need to be a named Defendant in a lawsuit in order for Plaintiff to stack said income in order to meet the monetary threshold requirement required for FLSA coverage/subject-matter jurisdiction. *See, Giraldo v. Cale Frozen Products, Inc., et al.,* Case No.: 13-20420-CIV-TORRES.

8. Plaintiff's subpoena for Deposition *Duces Tecum* is directed towards the 30(b)(6) Corporate Representative of RJ HAND CAR WASH LLC. *See* [DE 53-2]. Per Rule 30(b)(6), the corporation has to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify...." Fed. R. Civ. P. 30(b)(6). The organization then must designate one or more of its agents to testify. *Id.*

---

*Inc.* (1976, ED Mo) 418 F Supp 34, 79CCH LC P 33451.   Due to the joint employer theory and common business purpose among the Defendants, the $500,000 threshold met by one of the Defendants can be imputed to the others.   *See also, Nelson v Long Lines Ltd*. (2004, ND Iowa) 335 F Supp 2d 944, 9 BNA WH Cas 2d 1754.   Thus, Plaintiff must have a chance to review and analyze evidence regarding same regarding the Defendants.

It is disingenuous for Defendant FREITAS to argue that Plaintiff's noticing of the deposition at issue was for the sole purpose of harassing Defendant FREITAS as Plaintiff, at the time of setting the deposition, was without knowledge as to who the corporate representative would be appointed by Defendants. Further, Plaintiff does not intend to explore topics explored at Defendant FREITAS' deposition but rather intends to explore information related to the stacking of the income and to review documents related to same.

9. Additionally, the 30(b)(6) Corporate Representative of RJ HAND CAR WASH LLC's testimony and productions of documents as to RJ HAND CAR WASH LLC's wage and hour policies during the years 2012, 2013, 2014, 2015, and 2016 and the method RJ HAND CAR WASH LLC paid its employees and/or independent contractors is germane to Defendant FRIETAS' affirmative defense of good faith and whether Defendants intentionally, recklessly, or knowingly violated the overtime and minimum wage laws.

10. As such, Plaintiff respectfully requests the Court deny Defendant FREITAS's Motion [DE53] in its entirety, aware Plaintiff all fees and costs related to the instant Response and all related work, and compel the 30(b)(6) Corporate Representative of RJ HAND CAR WASH LLC to appear for the deposition *duces tecum* as properly noticed with all documents reflected in the properly served subpoena.

## MEMORANDUM OF LAW

The Federal Rules afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011), but "strongly favor full discovery whenever possible." *See, Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985). Courts must consequently employ a liberal and broad

scope of discovery in keeping with the spirit and purpose of these rules. *See, Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015). To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *See Rossbach*, 128 F. Supp. 3d at 1354 (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." The term "enterprise" is defined under 29 USC Section 203(r)(1). Under enterprise coverage, "related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose." *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974).  The term "enterprise" is defined under 29 USC Section 203(r)(1).  Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977). *Marshall* used "a liberal construction of the Act"

and found "that the defendants were clearly an enterprise…." *Id.* at *9. [3] Plaintiffs intend to argue the said entities income should be stacked as the aggregate exceeds the $500,000 threshold.

     Given the said case law and the allegations in the Complaint, at the very least Plaintiff must be permitted to proceed with this matter via discovery. Factual questions remain concerning whether the current Defendants are joint enterprises with RJ HAND CAR WASH LLC. Based on current information available, it is necessary to conduct relevant discovery as to same. Further, at this juncture, it is vital to depose the 30(b)(6) Corporate Representative of RJ HAND CAR WASH LLC *duces tecum* and to allow Plaintiff the opportunity to complete his due diligence regarding the $500,000 monetary threshold requirement as well as interstate commerce (i.e. reviewing all documents used to prepare its tax return filed (with the IRS and state of Florida),including, but not limited to, a copy of all documents used to prepare said taxes including, but not limited to, all quarterly reports, 940 Forms, UCT6 Forms, "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue, bank statements, receipts, etc.). Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. These are documents that are relied on in the preparation and filing of Defendants' taxes and go directly to the veracity of said taxes.

     As stated in *Donovan v. I-20 Motels, Inc*., 664 F.2d 957 (5th Cir. 1981), under the rolling quarter method "if an employer's business exceeds the dollar volume requirement in any calendar year, the business will be presumed to be covered in the next year". To rebut such

---

[3] Two closely-held corporations with common shareholders are "enterprise" within meaning of 29 USCS § 203(r) where one corporation produces bakery goods for retail sales in convenience food stores of which second corporation is either owner-operator or franchisor. *Dunlop v Mother Hubbard's Kitchen, Inc. (1976, ED Mo) 418 F Supp 34, 79* CCH LC P 33451.

presumption, a defendant-employer would need to show that following year is below the monetary threshold.  See, 29 CFR 779.266.  For example, if a business in 2012 reached the $500,000 threshold, it would be presumed the threshold was met in 2013; but the presumption could be rebutted if the business closed in 2013 and it was conclusively shown the threshold was not met (although the year was not yet over and taxes were not filed).

In the case at bar, the documents sought by Plaintiff is not overbroad and is necessarily tailored to the claims as presented. Plaintiff is entitled to review all documents relied on and utilized in preparation of Defendants tax return for (2012) under the rolling quarter method, which is a vehicle that can be used to establish the $500,000 threshold. *See Donovan v. I-20 Motels, Inc*., 664 F.2d 957 (5th Cir. 1981); *See also, Exime v. E.W. Ventures, Inc. et al*., 591 F. Supp.2d 1364, 1374 (S.D. Fla. 2008) regarding the rolling quarter method and the "express language" 29 CFR 779.266.

Depositions of a corporate entity are governed by Rule 30(b)(6), Federal Rules of Civil Procedure. After receiving a notice to take the deposition of a corporate representative, Rule 30(b)(6) requires the corporation to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify...." Fed. R. Civ. P. 30(b)(6). The organization then must designate one or more of its agents to testify. *Id.* In responding to a 30(b)(6) notice of deposition or subpoena a corporation "has an affirmative duty to produce a representative who can answer questions within the scope of the matters described in the notice [of deposition] and are 'known or reasonably available' to the corporation." *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D. Fla. 1999) (quoting Fed. R. Civ. P. 30(b)(6)). But there is no requirement that the designated representative has personal knowledge of the

designated subject matter or that this individual be the person who is the most knowledgeable witness. *QBE Ins. Corp. v. Jorda Enter., Inc.,* 277 F.R.D. 676, 688-89 (S.D. Fla. 2012) *(citing Ecclesiastes 9:10–11–12, Inc. v. LMC Holdin Co.,* 497 F.3d 1125, 1147 (10th Cir. 2007); *PPM Fin., Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 894–95 (7th Cir. 2004)). The corporate party must prepare the witness "with respect to issues that although not within his personal knowledge were within the corporate knowledge of the organization." B*razos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006). As stated in *Brazos*, the test for corporate knowledge is that which is "reasonably available, whether from documents, past employees or other sources." *Id. See also, Calzaturfico S.C.A.R.P.A. s.p.a v. Fabiano Shoe Co.,* 201 F.R.D. 33, 36 (D.Mass.2001); *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D. Neb. 1995) ("If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation."); *Buycks-Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 338, 342 (N.D. Ill. 1995) (duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which the designee was personally involved)."Corporations ... have a duty to make a conscientious, good faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000)(quoting *Starlight Intern, Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999));*See also, King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D. Fla. 1995)(Gonzalez, J.)("The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described

in the notice and are 'known or reasonably available' to the corporation."). A corporation's duty extends "beyond the mere act of presenting a human body to speak on the corporation's behalf. [It] has the additional duty to prepare the deponent[s] ... so that they are able to give complete and knowledgeable answers." *Quantachrome Corp. v. Micromeritcs Instruments Corp.,* 189 F.R.D. 697, 699 (S.D. Fla. 1999) (Gonzalez, J.); *Rocket Real Estate, LLC v. Maestres,* No. 15-62488-CIV, 2016 WL 7508255, at *1–2 (S.D. Fla. Mar. 23, 2016).

In the case at hand, the 30(b)(6) corporate representative of RJ HAND CAR WASH LLC has been properly noticed for the upcoming deposition. The deponent who shall testify and be designated by RJ HAND CAR WASH LLC is not determined by the Plaintiff, but rather the business itself. Therefore, should RJ HAND CAR WASH LLC designate FRIETAS as its corporate representative, any such testimony would be in a completely different capacity than when Defendant FREITAS was deposed as the individual Defendant in the case at bar.

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[4] Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

---

[4] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

*Steven Baicker-McKee*, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5thCir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Defendant FREITAS has failed to demonstrate good cause as to why the deposition that Plaintiff has set regarding a non-party witness who has relevant information to Plaintiff's claims for his overtime wages and FLSA coverage/subject-matter jurisdiction should not proceed. Rule 30(a)(2)(A) provides that leave shall be granted to the extent consistent with Rule 26(b)(2). None of the basis identified in Rule 26(b)(2) for limiting discovery are applicable here. To the contrary, the importance of the proposed discovery in resolving the issues at stake in this case outweigh any minimal burden imposed on Defendants and/or non-party witness RJ HAND CAR WASH LLC in allowing Plaintiff to conduct said deposition *duces tecum*. As this is the discovery process, Plaintiff is not forced to rely on the testimony of Defendants' cherry-picked witnesses

(i.e the 30(b)(6) Corporate Representative) to obtain relevant information. On the contrary, Plaintiff is entitled to create record evidence by deposing non-party witnesses, who do not necessarily have a stake in the outcome of the litigation, regarding issues germane to Plaintiff's claims for overtime.

The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Further, the Court ought to sanction Defendant FREITAS as follows pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff respectfully request Defendant FREITAS' Motion [DE53] be denied in its entirety and Plaintiff be awarded all attorneys fees incurred in responding to Defendant FREITAS' Motion [DE53] along with all fees and costs associated with work related to same.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DENY DEFENDANT FREITAS'S MOTION [DE53] IN ITS ENTIRETY, AWARE PLAINTIFF ALL FEES AND COSTS RELATED TO THE INSTANT RESPONSE AND ALL RELATED WORK, AND COMPEL THE 30(b)(6) CORPORATE REPRESENTATIVE OF RJ HAND CAR WASH LLC TO APPEAR FOR THE DEPOSITION *DUCES TECUM* AS PROPERLY NOTICED WITH ALL DOCUMENTS REFLECTED IN THE PROPERLY SERVED SUBPOENA.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak____
Neil Tobak, Esquire
Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/14/17 TO:**

**MATTHEW LETO, ESQ.
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR., PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.
BERENS FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD. PH-2
CORAL GABLES, FL 33134
(305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM**

**BY:__/s/_ Neil Tobak _____
NEIL TOBAK, ESQ.**