UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| LEONEL ROMELI MIX DONIS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Plaintiff, by and through the undersigned, and hereby moves for the entry of a protective order, and in support thereof states as follows:

1. Plaintiff's claims sound under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 for overtime and minimum wage violations. [DE35].

2. On November 8, 2016, the Court entered an Order of Dismissal for Plaintiff's failure to timely serve Defendants. [DE10].

3. Thereafter, on November 16, 2016, the matter was re-opened as to the Corporate Defendants only. [DE13]. The Court held that "the Court's prior 4(m) dismissal remains in effect for all claims against Defendants Alexander Ayzen and Dagoberto Freites because the Plaintiff only filed executed summons for Defendant A&A Auto Pride LLC." *Id.*

1

4.      On March 30, 2017, Plaintiff was deposed in this action by counsel for the Corporate

Defendant, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL,[1] which

commenced at 1:00 p.m. and ended at 2:20 p.m., per the deposition transcript. *See,*

[DE53-1].

5.      On April 5, 2017, the Parties consented to the Jurisdiction of the Honorable

Magistrate Judge Otazo-Reyes [DE26] and the matter were transferred [DE27].

6.      On April 24, 2017, the Court held a Telephonic Status Conference [DE31].

7.      Thereafter, on May 8, 2017, as permitted by the Court in open Court and the

subsequent Order [DE33], Plaintiff amended his Complaint to re-add the individual

Defendants, ALEXANDER AYZEN and DAGOBERTO FREITAS.

8.      On August 16, 2017,[2] the individual Defendant, DAGOBERTO FREITAS, served

Plaintiff with a Notice of Taking Deposition for Plaintiff to occur on October 25,

2017. *See* Exhibit "A."

9.      Plaintiff's counsel has conferred with Defense counsel to attempt to obtain agreement

that Defendant will limit the scope of the questions so that there is no duplicative

questioning with the prior deposition questions and to limit the duration of the

depositions based on the fact that Plaintiff has already been deposed for

approximately one hour and twenty minutes.

---

[1] The Defense counsel representing the Corporate Defendant, A&A AUTO PRIDE, L.L.C. d/b/a
SUNNY ISLES MOBIL, happens to be the same Defense counsel representing ALEXANDER
AYZEN.

[2] The date and time for the deposition were mutually agreed to however Plaintiff reserved his
right to move for a protective order to the extant herein.

10.    Fed.R.Civ.P. 30(d)(1) states in part that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Plaintiff has already been deposed prior in this action and the Parties have not entered into a stipulation regarding Plaintiff being deposed a second time and the Court has not issues an Order to that effect either.

11.    Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case.

12.    Under Fed.R.Civ.P 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va*., 208 FRD 565 (SD W. Va. 2002).

13.    The individual Defendant, DAGOBERTO FREITAS, seeks to depose Plaintiff even though Plaintiff has already been deposed in this case and without a stipulation and/or leave of Court. Further, Defendant, ALEXANDER AYZEN, has not cross-noticed the deposition which makes Plaintiff weary of the fact that Defendant AYZEN may attempt at a later date to subject Plaintiff to a third deposition, also absent leave of Court and/or a stipulation, thereby resulting in multiplying the proceedings as Plaintiff will need to file yet another motion as the instant one.[3]

14.    Therefore, Plaintiff respectfully requests this Court enter a Protective Order to prevent Defendant. DAGOBERTO FREITAS, from conducting a second deposition

---

[3] Further, as Defendant AYZEN is represented by the same counsel who deposed Plaintiff the first time it is as if Defendants are having the proverbial second bite at the apple.

3

of Plaintiff. In the alternative, should the Court be inclined to permit Defendant,

DAGOBERTO FREITAS , to take a second deposition of Plaintiff, Plaintiff

respectfully requests the Court limit the duration of the deposition to not exceed 5.8

hours, prohibit Defendant, DAGOBERTO FREITAS, from re-asking any questions

previously asked to Plaintiff at his first deposition, prohibit Defendants, A&A AUTO

PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL and AYZEN, from cross-noticing

and/or asking questions at the deposition, and for the deposition to occur at Plaintiff's

counsel's office.

## MEMORANDUM OF LAW

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Fed. R. Civ. P. 26(f) states as follows:

> (1) *Conference Timing.* Except in a proceeding exempted from
> initial disclosure under Rule 26(a)(1)(B) or when the court orders
> otherwise, the parties must confer as soon as practicable—and in

any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)…

5

As above explained, Plaintiff has demonstrated good cause why he should not be subjected to a second deposition in a matter where he has been deposed previously; therefore a Protective Order is justified. Under Fed.R.Civ.P. 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002). Plaintiff should not have to go through the annoyance, embarrassment and undue expense of another deposition and, moreover, it is annoying and oppressive as Plaintiff has already missed approximately two days worth of work (one for preparation and one for attendance) and traveled each way, in order to attend his deposition. Requiring Plaintiff to do so again, and lose an additional days work would create an undue burden and expense in addition to being annoying and oppressive.

As per Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Rule 26(b)(2) provides that a court shall limit discovery if:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

Thus, if there was sufficient opportunity to obtain the information previously, the Court should not allow a reopening or retaking of a deposition or, in the alternative, should limit the duration and scope to relevant non-duplicative discovery.

In the case at bar, Plaintiff's deposition transcript has already been filed on the record [DE53-1]. As such, Defendant, DAGOBERTO FREITAS, should review said transcript and

should be prohibited from re-asking any questions previously asked to Plaintiff as it would be unduly burdensome to subject Plaintiff to a second deposition wherein the same questions previously asked are asked again and same would also be duplicative. Moreover, Plaintiff has provided comprehensive Interrogatory Responses to Defendant FREITAS's written discovery requests and additional information can be gleaned from same, which was executed under oath and subject to the penalties of perjury similar to a deposition without causing Plaintiff the undue burden of attending a second deposition and missing more work. The burden or expense of the proposed discovery outweighs its likely benefit in this case. Plaintiff has testified at deposition, and he has responded to both Defendants discovery request. His statements have not been conflicting regarding material issues. Additionally, the material subject of the deposition scheduled is same or similar to that Plaintiff's original deposition and responses to discovery sought are obtainable from other source that is more convenient (i.e. Plaintiff's deposition transcript, Plaintiff's written discovery responses, etc.). Several courts faced with similar situations have limited the deposition to matters not addressed in the first deposition. *Perry v. Kelly-Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D.Ind.1987) (newly added defendant had the right to take the deposition of plaintiff, but "no logical reason why [defendant] should duplicate the same material covered at the first deposition" and "[t]herefore, the second deposition will be limited to those areas not covered in the first deposition"); *See also, Tramm v. Porter Mem. Hosp.,* 128 F.R.D. 666, 668 (N.D.Ind.1989) (substituted lawyer may retake deposition on uncovered areas).

Should the court allow Defendant FREITAS to take Plaintiff's second deposition, the areas of inquiry should be limited in the scope, limited in duration, and should occur at Plaintiff's counsel's office. Fed.R.Civ.P. 30(d)(1) states in part that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Plaintiff has already been deposed prior

in this action and Defendants should not be permitted from exceeding the duration permitted by the Rules for depositions. Additionally, Plaintiff has already been required to travel to Defense Counsel's offices for his first deposition and, thus, should the Court permit a second deposition it should take place at Plaintiff's counsel's office.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT ENTER A PROTECTIVE ORDER TO PREVENT DEFENDANT. DAGOBERTO FREITAS, FROM CONDUCTING A SECOND DEPOSITION OF PLAINTIFF. IN THE ALTERNATIVE, SHOULD THE COURT BE INCLINED TO PERMIT DEFENDANT, DAGOBERTO FREITAS, TO TAKE A SECOND DEPOSITION OF PLAINTIFF, PLAINTIFF RESPECTFULLY REQUESTS THE COURT LIMIT THE DURATION OF THE DEPOSITION TO NOT EXCEED 5.8 HOURS, PROHIBIT DEFENDANT, DAGOBERTO FREITAS, FROM RE-ASKING ANY QUESTIONS PREVIOUSLY ASKED TO PLAINTIFF AT HIS FIRST DEPOSITION, PROHIBIT DEFENDANTS, A&A AUTO PRIDE, L.L.C. D/B/A SUNNY ISLES MOBIL AND AYZEN, FROM CROSS-NOTICING AND/OR ASKING QUESTIONS AT THE DEPOSITION, AND FOR THE DEPOSITION TO OCCUR AT PLAINTIFF'S COUNSEL'S OFFICE.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel has conferred with Defense counsel in the instant matter and the Parties were unable to reach an agreement wherein the duration and scope of the deposition would be limited.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141

305-865-6766
305-865-7167

By:_s/ Neil Tobak ___
    Neil Tobak, Esquire
    Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/24/17 TO:**

**MATTHEW LETO, ESQ.[4]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.[5]
BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD., PENTHOUSE 2
CORAL GABLES, FLORIDA 33134
PH: (305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM
PLEADINGS@BERENSFERNANDEZ.COM
FRAGA@BERENSFERNANDEZ.COM**

**BY:__/s/_ Neil Tobak _____
NEIL TOBAK, ESQ.**

---

[4] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[5] Defense counsel, Mr. Fernandez, Esq., only represents Defendant, DAGOBERTO FREITAS.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all          )
others similarly situated under 29 U.S.C.  )
216(b),                                    )
                          Plaintiff,       )
          vs.                              )
                                           )
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY         )
ISLES MOBIL,                               )
ALEXANDER AYZEN,                           )
DAGOBERTO FREITAS,                         )
                                           )
                          Defendants.      )
_____  )

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This matter came on to be heard regarding the above-described Motion, and the Court

being advised in the premises, it is:

ORDERED AND ADJUDGED that said Motion is hereby GRANTED; and

1.  Plaintiff shall not be required to appear for a second deposition.

**In the alternative:**

2.  Plaintiff shall appear for a second deposition which shall occur at Plaintiff's

    counsel's office;

3.  Defendant, FREITAS, shall limit the scope of the deposition so that no questions

    previously asked to him shall be covered in the second deposition;

4. The second deposition shall be limited to 5.8 hours;

5. Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL and

   ALEXANDER AYZEN, shall be prohibited from cross-noticing and/or from

   asking any questions.

   DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day

of _____, 2017.

_____
ALICIA OTAZO-REYES
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record