UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| LEONEL ROMELI MIX DONIS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS, | ) ) ) ) ) |
| Defendants. | ) ) |

_____

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS[1]

COME NOW the Plaintiff, LEONEL ROMELI MIX DONIS, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 34, 33, and 37(a), and files the above-described Motion to Compel Better Responses to Plaintiff's Discovery, including Supplemental Request for Production and Supplemental Interrogatories directed towards each Defendant, and as grounds thereof states as follows:

1. Plaintiff, LEONEL ROMELI MIX DONIS, served Defendants with his supplemental set of discovery including Plaintiff's Supplemental Request for Production, and Supplemental Set of Interrogatories, on July 21, 2017.

---

[1] Pursuant to the Court's Order [DE71], Plaintiff submits discovery requests as exhibits to motion to compel and does not include same herein as required under Southern District Local Rule 26.1(h)(2). *See attached hereto* Exhibit "A."

2.  Defendants served their Responses to said discovery on August 21, 2017. *See attached hereto* Exhibit "A."

3.  As set forth in more detail below, Defendants have objected to discovery germane to Plaintiffs' FLSA overtime wage and better responses are needed for Plaintiff to establish a factual record to present to the Court and/or Jury. Plaintiff should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendants so as to adequately prepare for Trial.

4.  Having conferred with Defendants and being unable to resolve the following disputes, Plaintiff herein respectfully requests the Court direct Defendants A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL and ALEXANDER AYZEN to provide signed and verified interrogatory responses as well as better responses to Plaintiff's Supplemental Interrogatories Nos. 1-3, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived as they were provided unverified, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests that the Court direct Defendant DAGOBERTO FREITAS provide better response to Plaintiff's Supplemental Interrogatories Nos. 1-3, as well as better response to Plaintiff's Supplemental Request for Production Nos. 1-54, 55, 63, 64, 67, 70, 73, 78, 79, 80, 81, 82, 85, 95, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## **MEMORANDUM OF LAW**

Under Fed. R. of Civ. P. 33 and 34, parties must respond to interrogatories and request for production within thirty days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection. Unverified interrogatories are as good as not sending them. Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008). An attorney's communication, e-mail or otherwise, does not do that, even assuming, arguendo, that the attorney's statements provide information responsive to the interrogatory. It is axiomatic that unsworn, unverified answers to interrogatories are infirm, necessitating an order compelling compliance with the FRCP.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these

rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. LumbermansMut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

**A. <u>Interrogatories:</u>**

In accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully request the Court to compel all Defendants to respond to the following Interrogatories:

**Interrogatory No. 1:**

As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

In the case at bar, Defendants are contesting FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong. Such responsive documents would go directly to issues related to whether two or more **employees** (<u>which is not limited to the Plaintiff</u>) regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce. The Southern District of Florida has held that:

Page **5** of **22**

29 C.F.R. § 779.238. The Eleventh Circuit has also relied on this language to find that enterprise coverage did not exist. *Scott v. K.W. Max Investments,* 256 F.App'x 244, 248-49, No. 07-10649, 2007 WL 2850926, at ----3-4 (11th Cir. Oct.2, 2007) (unpublished). However, that opinion is not binding, and even if it were, the factual differences are so great as to make the case nearly inapplicable. Furthermore, **to the extent Defendants believe that the individual employees that have brought suit must regularly and recurrently engage in the handling of goods of materials that have moved in interstate commerce, <u>Defendants have misread the regulation</u>**. The regulation requires that the *enterprise* regularly and recurrently have **two or more employees** engaged in such activities, and <u>**does not require that it be the individuals bringing suit.**</u> [emphasis added].

*Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), <u>aff'd,</u> 432 Fed. Appx. 801 (11th Cir. 2011). *Galdames supra* clarifies (under enterprise coverage) that it is sufficient if "**two or more employees** engaged in such activities, and does not require that it be the individuals bringing suit." *Id. See also*, *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1373 (S.D. Fla. 2008)("Plaintiff must also demonstrate that Defendants' employees handled interstate material on a "regular and recurrent" basis. *See* 29 C.F.R. § 779.238"); *Olson v. Star Lift Inc.,* 709 F. Supp. 2d 1351, 1355 (S.D. Fla. 2010)(emphasis added)("Because no evidence produced at trial established that Defendants had **two or more employees** regularly and recurrently engaged in handling, selling, or otherwise working on goods that have been moved in or produced for commerce, there is no enterprise coverage in this case.").

Plaintiff's Interrogatory No. 1 is directly relevant to assist in determining whether Plaintiff and other employees were handling goods and materials that originated from outside the state of Florida and what products those were as they will reveal where Defendants' supplies are purchased, manufactured etc. Defendants answers to Plaintiff's interrogatories are evasive and

clearly insufficient. It is well-established that an answer to an interrogatory "must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 33.25[1] (2d ed. 1991); *See United States v. Harless,* CV No. 591–127, slip op. 1991 WL 326639, (S.D.Ga. Oct. 16, 1991) (1991 U.S.Dist. LEXIS 16534); *Continental Illinois Nat. Bank & Trust v. Caton,* 136 F.R.D. 682, 686 (D.Kan.1991) ("Incorporation by reference to a deposition is not a responsive answer."); *Johnson v. National Railroad Passenger Corp.,* No. 87–1322, slip op., 1987 WL 16311 (E.D.Pa. Aug. 28, 1987) (1987 U.S.Dist. LEXIS 7875) (interrogatory answers stating "please refer to plaintiff's deposition," or making general reference to another interrogatory answer, described as "non-responses"); *Hoffman v. United Telecommunications, Inc.,* 117 F.R.D. 436, 440 (D.Kan.1987); *NEC America, Inc. v. The United States,* 636 F.Supp. 476, 479 (CIT 1986); *American Rockwool v. Owens–Corning Fiberglas Corp.,* 109 F.R.D. 263, 266 (E.D.N.C.1985) ("Directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery."); *International Mining Co. v. Allen & Co.,* 567 F.Supp. 777, 787 (S.D.N.Y.1983); *Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 315 (E.D.Pa.1980) (incorporation by reference to a deposition not a responsive answer). Plaintiff is entitled to discover the factual basis Defendants' defenses through the use of interrogatories, without being referred to the plaintiffs' deposition testimony, other discovery materials, or the pleadings. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 1 and provide all responsive documents to same.

**Interrogatories Nos. 2 and 3:**

Plaintiff reincorporates the law and facts as set forth in No. 1 above. Information regarding Defendants' suppliers and/or former/current employees would normally be found in the hands of the Defendant-employer for axiomatic reasons. Should the court direct Defendants to better respond to Interrogatory Nos. 1, Defendants would then, therefore, have to adjust responses Nos. 2 and 3 to reflect said change. Additionally, it is common knowledge that car soaps, waxes, and water and are not the only goods and materials used in a car wash (i.e. hoses, phones, towels, brushes, glass cleaner, leather care products, carpet and upholstery care products, scratch fillers and removers, any detailing machinery or kits, washing machinery, etc.). Defendants' response should take into account the questions specificity as to "**all the goods and materials".** Therefore, the Court should direct Defendants to better respond to Interrogatory No. 2 and 3 and provide all responsive documents to same.

## B.  Request for Production

Plaintiff reincorporates the law and facts as set forth above and in accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully request the Court to compel Defendant FRIETAS to respond to the following Request for Production:

**Request for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 151, 61, 17, 18, 19, 20:**

Plaintiff must be permitted to proceed with this matter via discovery. Factual questions remain concerning whether the current Defendants are joint enterprises with RJ HAND CAR WASH LLC. Based on current information available, it is necessary to conduct relevant discovery as to same. Further, at this juncture, it is vital  to allow Plaintiff the opportunity to complete his due diligence regarding the $500,000 monetary threshold requirement as to Defendant FREITAS as well as interstate commerce (i.e. reviewing all documents used to prepare its tax return filed (with the IRS and state of Florida), including, but not limited to, a

copy of all documents used to prepare said taxes including, but not limited to, all quarterly reports, 940 Forms, UCT6 Forms, "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue, bank statements, receipts, etc. Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. These are documents that are relied on in the preparation and filing of Defendants' taxes and go directly to the veracity of said taxes.

As stated in *Donovan v. I-20 Motels, Inc*., 664 F.2d 957 (5th Cir. 1981), under the rolling quarter method "if an employer's business exceeds the dollar volume requirement in any calendar year, the business will be presumed to be covered in the next year".  To rebut such presumption, a defendant-employer would need to show that following year is below the monetary threshold.  See, 29 CFR 779.266.  For example, if a business in 2012 reached the $500,000 threshold, it would be presumed the threshold was met in 2013; but the presumption could be rebutted if the business closed in 2013 and it was conclusively shown the threshold was not met (although the year was not yet over and taxes were not filed).

In the case at bar, the documents sought by Plaintiff is not overbroad and are necessarily tailored to the claims as presented. Plaintiff is entitled to review all documents relied on and utilized in preparation of Defendants tax return for (2012) under the rolling quarter method, which is a vehicle that can be used to establish the $500,000 threshold. *See Donovan v. I-20 Motels, Inc*., 664 F.2d 957 (5th Cir. 1981); *See also, Exime v. E.W. Ventures, Inc. et al*., 591 F. Supp.2d 1364, 1374 (S.D. Fla. 2008) regarding the rolling quarter method and the "express language" 29 CFR 779.266.

Plaintiff is aware of this court's Protective Order [DE56], as to the Deposition of the 30(b)(6)

corporate representative of RJ Hand Wash, however, said Order should not prevent Plaintiff

from seeking documents requested above that are in the custody, possession, or control of

Defendant and that are relevant to the case at bar. Plaintiff is entitled to an adequate opportunity

for a meaningful review and analysis of Defendant's financial information to explore the

business done and stacking of income.[2] Plaintiff is entitled to explore the carwash business in

relation to both prongs of FLSA enterprise coverage independent of the Corporate Defendant and

individual Defendant Ayzen in the instant matter. Upon information and belief, it is believed that

RJ Hand Wash, is a joint enterprise as defined by 29 U.S.C. 203(r). At his deposition, FRIETAS

admitted common ownership in RJ Hand Wash and his operation at question in the case at bar.

Also, there is clear testimony relating activities between the companies, which was performed

through unified operation and/or common control and are being done for a common business

purpose. It is believed there is common ownership and common business purpose. Under

*Polycarpe,* and through the stacking of Defendants' income and the income RJ Hand Car Wash,

Plaintiff is entitled to the requested information and documents above-mentioned so he can

sufficiently explore the business done, stacking of income, any cross-utilization of employees

and/or goods and materials, and trace the money and/or goods and materials to its sources to

---

[2]*See, Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966).Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiffneeds access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will all stipulate that the $500,000 threshold is met.   Plaintiff needs access to all Defendants' records regarding these issues.  As to the $500,000 Plaintiff also refers to stacking of income.  *See, Brennan v Patio Cleaners, Inc.* (1974, SD Ohio) 373 F Supp 987. <u>Dunlop v Mother Hubbard's Kitchen, Inc. (1976, ED Mo) 418 F Supp 34, 79</u>CCH LC P 33451.   Due to the joint employer theory and common business purpose among the Defendants, the $500,000 threshold met by one of the Defendants can be imputed to the others.   *See also, Nelson v Long Lines Ltd*. (2004, ND Iowa) 335 F Supp 2d 944, 9 BNA WH Cas 2d 1754.  Thus Plaintiff must have a chance to review and analyze evidence regarding same regarding the Defendants.

create a factual record for the Jury at Trial that Plaintiff was in fact economically dependent on all Defendants.

 **Request for Production Nos. 21, 22, 23, 24, 26, 28:**

 Plaintiff reincorporates the law and facts as set forth above. Defendant's response to the request for production stating that a "bank account number" was previously provided does not alleviate the Defendant of his duty to provide documents related to same, as they are requested. The requested financial documents would reflect information relevant to interstate commerce and reveal where Defendants' supplies are purchased, manufactured etc. For example, it would include uniforms, computers, office expenses, supplies, automobile and truck cleaning supplies and expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiff was an independent contractors/seasonal employees. Defendant's bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendant). Therefore, the Court should direct Defendant FREITAS to better respond to Request for Production No. 21, 22, 23, 24, 26, 28 and provide all responsive documents to same.

 **Request for Production Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 45, 77, 79:**

 Plaintiff reincorporates the law and facts as set forth above. Defendants claim that Defendant FRIETAS only used part of the land for his car wash and that he would pay rent for

said use. Plaintiff's should be able to fact check same through discovery to determine whether FRIETAS owned, leased, or just used the land for his car wash. Documents requested above would show whether FRIETAS has any written lease agreement, or whether he had any interest in said land. Furthermore, such information would help Plaintiff complete his due diligence regarding his joint employer/joint enterprise theories.

As per the testimony elicited at Defendants' respective depositions and through written discovery responses,[3] the Corporate Defendant, A & A Auto Pride, L.L.C. d/b/a Sunny Isles Mobil, has a mini-mart, auto-repair shop, and a hand carwash, located at the same address on Collins Avenue, Miami, FL. On a daily basis, Defendant Dagoberto would split equally of the total sales from the hand carwash by cash payments. All operating permits for the facility and, more specifically, permits from the City for the hand carwash, were in the Corporate Defendants and/or the individual Defendant Ayzen's name and paid/pulled by the Corporate Defendant and/or the individual Defendant Ayzen. Further, Defendants would all share the hydro/water pumps which were under the Corporate entities name and which would be paid by Defendants Ayzen and A & A Auto Pride, which received some form of payment from Defendant Freitas.[4] There would be a cross-utilization of employees with regards assisting with moving vehicles to and from the various parking lots where the vehicles were kept prior to being worked on to the

---

[3] The undersigned Firm does not yet have Defendants' deposition transcript and is relying on copious notes regarding the testimony elicited.

[4] Under the economic realities test, Plaintiff intends to prove that a joint employer/joint enterprise exists between all named Defendants. *See* the case law herein cited. Plaintiff should at least be afforded the full discovery period to do so.

garage and vise versa.[5] Customers were also able to pay at the credit card machine located in the mini-mart to pay for their carwashes.  Responsive documents such as "a copy of any and all permits for Defendants" and "a copy of any and all applications for permits for Defendants." In said supplemental Request for Production, Plaintiff has also requested Defendants' Florida Power & Light Company bills and Miami-Dade Water and Sewer Department bills. Therefore, the Court should direct Defendant FREITAS to better respond to Request for Production No. 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 45 and provide all responsive documents to same.

**Request for Production Nos. 49, 50, 52, 53, 54, 55, 56, 57:**

Plaintiff reincorporates the law and facts as set forth above. "such boilerplate objections, without more, "are inadequate and tantamount to not making any objections at all." *Sherwin-Williams Co. v. JB Collision Servs, Inc.,* Case Nos. 13-1946-CIV-LAB (WVG) and 13-1947-CIV-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citations omitted); *See also Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Objections to [discovery requests] must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Defendants' objection that were interposed are spurious and/or nondescript at best. The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to

---

[5] Plaintiff intends to take the deposition of employee from the auto-repair portion of Defendants' business to explore this further.

voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014). It is unclear how these Requests are not relevant to Plaintiffs' claims nor reasonably calculated to lead to the discovery of relevant or admissible evidence as this is directly relevant to issues related to whether Defendants acted in good faith and/or knowingly or willfully disregarded their obligations under the FLSA. This is clearly relevant to Plaintiffs' accrued. Plaintiffs respectfully request the Court compel Defendants to better respond to Requests Nos 49, 50,52, 53, 54, 55, 56, 57.

**<u>Request for Production Nos. 69, 70, 71, 72, 73, 85:</u>**

Plaintiff reincorporates the law and facts as set forth above. The requested financial documents, Defendants' tax returns and the underlying schedules, would reflect information relevant to interstate commerce and reveal where Defendants' supplies are purchased, manufactured etc. For example, Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would include uniforms, computers, office expenses, supplies, automobile and truck expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiffs were independent contractors/seasonal employees. The underlying documents provided to Defendants' accountant would reflect Defendants' inventories such as car wash equipment/machinery, hoses, towels, etc., and may also reflect where these items were purchases and manufactured.

Defendants' objections that were interposed are spurious and/or nondescript at best. Defendants' bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. Employers also have the responsibility to withhold taxes and pay social security and Plaintiffs should have the opportunity to review the documents with regards to same. The aforementioned responsive financial documents would also reflect how Defendants classified Plaintiff and what amounts of money they were paying them and how Defendants classified Plaintiffs and what amounts of money (i.e. W-2/1099 forms). *See, Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also, Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendants). Moreover, the UCT-6 Form, RT6 Quarterly Reports, and 940 Forms specifically reflect "gross wages paid this quarter" and "total payments to all employees" and sets forth the total number of full-time and part-time workers who performed serviced during or received pay for the payroll period. The RT6 Quarterly Reports requires the employer to list the names of the employees and the gross wages paid to each listed employee for that quarter. Undoubtedly, this is relevant to not only the volume of business in relation to the number of hours worked by Plaintiff but is also germane to whether other employees were being paid on an hourly basis, salaried basis, and/or paid overtime for work performed. Wage information can lead to discoverable evidence regarding the number of hours Defendants had its workforce on duty which also reflects on its hours of operation and wage

policies. Defendants are alleging that Plaintiff was independent contractors and/or seasonal employee and this would go directly to its defenses. Defendants' receipts and underlying documents relied on to file their taxes will likely reflect work orders, delineating various supplies/inventory used by its employees. Defendants bear the burden of showing the vagueness or ambiguity of a request and "should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in interrogatories." *Deakins v. Pack*, No. 10-1396, 2012 WL 242859 at *12 (S.D. WV January 25, 2012). While *Deakins* specifically was about interrogatories, applying the same logic to requests for production would be within the spirit of Local Rule 26.1(g)(3)(A). Further, Defendants' accountant was actively involved in the maintenance of employee payroll. Thus, any records that Defendants' accountant maintained (i.e. UCT-6 Form, RT6 Quarterly Reports, and 940 Forms, etc.) which specifically reflect "gross wages paid this quarter" and "total payments to all employees," the number of full-time and part-time workers who performed serviced during or received pay for the payroll period, etc.) would be relevant as set forth above

C. **Sanctions:**

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff needs the said Request for Production and Interrogatory responses, including all responsive documents to same, to establish a factual record that can be presented to the Court and/or Jury. Further, Plaintiffs move for sanctions pursuant to Federal Rule of Civil Procedure 37. The conduct by Defendants in the case at hand can only be considered to have been done in bad faith. *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). Therefore, the Court in the case at hand should only award sanctions if it finds that the actions of Defendants and/or their counsel was done in bad faith. In determining whether a Parties conduct amounts to bad faith, the Court's have stated:

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, \*14 (S.D. Fla. Nov. 24, 2009). In the case at hand, Defendants and Defense counsel have acted in bad faith. As such, reasonable attorney's fees should be awarded to Plaintiff for Defendants bad faith conduct in answering Plaintiff's discovery

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DIRECT DEFENDANTS A&A AUTO PRIDE, L.L.C. D/B/A SUNNY ISLES MOBIL AND ALEXANDER AYZEN TO PROVIDE SIGNED AND VERIFIED INTERROGATORY RESPONSES AS WELL AS BETTER RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES NOS. 1-3, WITHIN ONE WEEK OF THE COURT'S ORDER, THAT DEFENDANTS' OBJECTIONS TO THE DISCOVERY REQUESTS BE DEEMED WAIVED AS THEY WERE PROVIDED UNVERIFIED, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK. FURTHER, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT DIRECT DEFENDANT DAGOBERTO FREITAS PROVIDE BETTER RESPONSE TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES NOS. 1-3, AS WELL AS BETTER RESPONSE TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION NOS. 1-54, 55, 63, 64, 67, 70, 73, 78, 79, 80, 81, 82, 85, 95, WITHIN ONE WEEK OF THE COURT'S ORDER, THAT DEFENDANTS' OBJECTIONS TO THE DISCOVERY REQUESTS BE DEEMED WAIVED, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK.

## **CERTIFICATE OF CONFERRAL**

Plaintiff's counsel has conferred with Defense Counsel, Matthew Leto, Esq., and

Samantha Fraga-Lopez, Esq., who do not agree to provide better responses and responsive documents.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak____
Neil Tobak, Esquire
Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/6/17 TO:

MATTHEW LETO, ESQ.[6]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM

ANDRES F. FERNANDEZ, ESQ.[7]
BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD., PENTHOUSE 2
CORAL GABLES, FLORIDA 33134
PH: (305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM
PLEADINGS@BERENSFERNANDEZ.COM

---

[6] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[7] Defense counsel, Mr. Fernandez, Esq., only represents Defendant, DAGOBERTO FREITAS.

**FRAGA@BERENSFERNANDEZ.COM**

**BY:__/s/____Neil Tobak _____**
    **NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all          )
others similarly situated under 29 U.S.C.  )
216(b),                                     )
          Plaintiff,              )
     vs.                           )
                                        )
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY          )
ISLES MOBIL,                                )
ALEXANDER AYZEN,                            )
DAGOBERTO FREITAS,                          )
                                        )
          Defendants.           )
_____

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. DEFENDANTS A&A AUTO PRIDE, L.L.C. D/B/A SUNNY ISLES MOBIL AND ALEXANDER AYZEN SHALL PROVIDE SIGNED AND VERIFIED INTERROGATORY RESPONSES AS WELL AS BETTER RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES NOS. 1-3 NO LATER THAN _____, 2017. ALL OBJECTIONS TO THE DISCOVERY REQUESTS SHALL BE DEEMED WAIVED AS THEY WERE PROVIDED UNVERIFIED.

2. DEFENDANT DAGOBERTO FREITAS SHALL PROVIDE BETTER RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES NOS. 1-3, AS WELL AS

BETTER RESPONSE TO PLAINTIFF'S SUPPLEMENTAL REQUEST FOR
PRODUCTION NOS. 1-54, 55, 63, 64, 67, 70, 73, 78, 79, 80, 81, 82, 85, 95, NO LATER
THAN _____. 2-17. DEFENDANT'S OBJECTIONS TO THE
DISCOVERY REQUESTS SHALL BE DEEMED WAIVED.

3. PLAINTIFF IS HEREBY AWARDED SANCTIONS FOR ALL FEES AND COSTS
ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION. PLAINTIFF SHALL
FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING
ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF
REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS
_____ DAY OF _____, 2017.

_____
ALICIA OTAZO-REYES
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record