UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| LEONEL ROMELI MIX DONIS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DAGOBERTO FREITAS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL REQUEST FOR PRODUCTION**

Defendant, DAGOBERTO FREITAS, by and through undersigned counsel, hereby serves this Response to Plaintiff's First Request for Production and states and states the following:

1.    A copy of RJ HAND CAR WASH LLC federal tax returns for the year 2011, 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

2.   A copy of all documents used by RJ HAND CAR WASH LLC or their accountant to prepare RJ HAND CAR WASH LLC federal tax returns for the years 2011, 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of RJ HAND CAR WASH LLC Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

3.   A copy of all documents in the possession, custody or control of all RJ HAND CAR WASH LLC accountant(s) used or to be used to prepare RJ HAND CAR WASH LLC federal tax returns for the years 2011, 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of RJ HAND CAR WASH LLC Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

4.    All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by RJ HAND CAR WASH LLC for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

5.    All of the RJ HAND CAR WASH LLC bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks RJ HAND CAR WASH LLC have/had accounts with for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

6.    A copy of all contracts between RJ HAND CAR WASH LLC and their clients from the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the**

protective order. **Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

7.   A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) RJ HAND CAR WASH LLC by their clients for the years 2011, 2012, 2013, 2014, 2015, and 2016.  This request includes any documents with respect to money that was received by RJ HAND CAR WASH LLC and later paid to the state, local or federal government or any subdivision thereof.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

8.   A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) RJ HAND CAR WASH LLC by their clients for the years 2011, 2012, 2013, 2014, 2015, and 2016.  This request also includes any receipts with respect to money that was received by RJ HAND CAR WASH LLC and later paid to the state, local or federal government or any subdivision thereof.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks confidential financial information, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

9.   All receipts for all payments made to Plaintiff by RJ HAND CAR WASH LLC. Include all pay stubs from all paychecks.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objection, none, as Plaintiff was never employed, in any capacity, by RJ Hand Car Wash, LLC.**

10.   All contracts/documents of employment relating to Plaintiff's with RJ HAND CAR WASH LLC.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objection, none, as Plaintiff was never employed, in any capacity, by RJ Hand Car Wash, LLC.**

11.   All time sheets/punch cards/work orders/time cards for all weeks worked by Plaintiff for RJ HAND CAR WASH LLC. Include all documents pertaining to hours worked by Plaintiff for RJ HAND CAR WASH LLC.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The**

request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objection, none, as Plaintiff was never employed, in any capacity, by RJ Hand Car Wash, LLC.

12.     All documents, records, electronic data that pertain and relate to Plaintiff's hiring and or employment dismissal with RJ HAND CAR WASH LLC.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objection, none, as Plaintiff was never employed, in any capacity, by RJ Hand Car Wash, LLC.**

13.     A list of all employees with names, phone numbers and addresses that RJ HAND CAR WASH LLC has employed during the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, seeks confidential information pertaining to unrelated third parties, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

14.     All employee income-reporting documents submitted by RJ HAND CAR WASH LLC to the Internal Revenue Service regarding RJ HAND CAR WASH LLC's employees and/or independent contractors for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Response: Objection. The request is overly broad, irrelevant, unduly burdensome, seeks documents outside the relevant time period, seeks confidential information pertaining to unrelated third parties, confidential financial information, and is not**

**reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

15.   Any and all corporate books and records of RJ HAND CAR WASH LLC and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of RJ HAND CAR WASH LLC.

**Response: Objection. The request is overly broad, irrelevant, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

16.   Any and all wage claims and/or wage-hour complaints filed by any of RJ HAND CAR WASH LLC's former or current employees and/or independent contractors for alleged violations of the federal and/or state wage-hour statutes.

**Response: Objection. The request is overly broad, irrelevant, seeks documents outside the relevant time period, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objections, none.**

17.   Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against RJ HAND CAR WASH LLC by any of its current or former employees and/or independent contractors.

**Response: Objection. The request is overly broad, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objections, none.**

18.   Any and all documents, which depict, embody or otherwise reflect RJ HAND CAR WASH LLC's policies, practices, and procedures related to its payment of overtime and minimum wages compensation during the relevant time period.

**Response: Objection. The request is overly broad, irrelevant, seeks confidential business information, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

19.   Any and all documents, which depict, embody or otherwise reflect RJ HAND CAR WASH LLC's policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees and/or independent contractors during the relevant time period.

**Response: Objection. The request is overly broad, irrelevant, seeks confidential business information, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to**

**circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition.**

20.   All paychecks, W-2 statements, 1099 statements and other payroll documents, which reflect the wages, paid to Plaintiff by RJ HAND CAR WASH LLC during the relevant time period.

   **Response: Objection. The request is overly broad, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. RJ Hand Car Wash is not a party to this action and there have never been any allegations made by the Plaintiff that he was ever employed by RJ Hand Car Wash. Additionally, Plaintiff issued a subpoena duces tecum on RJ Hand Car Wash, an non-party, seeking documents and testimony. The documents requested in the subpoena are the same as the documents requested here. The Court granted the protective order over the documents. The request is attempting to circumvent the protective order. Additionally, Plaintiff's request is improper in that it seeks information from a non-party through a discovery request issued to a Defendant, for the sole purpose of engaging in a fishing expedition. Notwithstanding said objection, none, as Plaintiff was never employed, in any capacity, by RJ Hand Car Wash, LLC.**

21.   Any and all documents and records of checking, savings, or any other type of account, foreign or domestic maintained by Defendant(s) with any type of financial institution for the years 2011, 2012, 2013, 2014, 2015, and 2016, including but not limited tomonthly account statements, checks, check registers, ch eck stubs, canceled checks, and deposit slips.

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. Additionally Freitas has already provided Plaintiff's counsel with his bank account number.**

22.   All documents that refer, to reflect or relate to any transfers made from any financial account held for the benefit of Defendant(s) by any third party, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. Additionally Freitas has already provided Plaintiff's counsel with his bank account number.**

23.   Any and all signature cards that name Defendant(s) as an authorized
      signatory on any financial account for any entity or other third party, for the years 2011,
      2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

24.   Any and all documents submitted to any bank financial institution, or any
      other person or entity, by Defendant(s) for any loan or advance, in any capacity
      (borrower, guarantor or surety) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

25.   Any and all documents concerning any interest in or claimed title to, any
      certificates of deposit, letters of credit, money orders, cashier's checks, traveler's
      checks, bank deposits, escrow funds owned or held by Defendant(s) in for the years
      2011, 2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

26.   Any and all documents related to any account into which any of Defendant(s)
      earnings or other income has been deposited in for the years 2011, 2012, 2013, 2014,
      2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

27.   Any and all documents evidencing Defendant(s) having authority to access any safe-deposit box or other bank secured area, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

28.   Copies of Defendant(s) bank statements for the years 2011, 2012, 2013, 2014, 2015, and 2016.

29.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Additionally, Freitas has already provided bank account information.**

30.   Any and all documents that refer to, reflect, or relate to any real property owned by Defendant(s) in for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

31.   Any and all documents that refer to, reflect, or relate to encumbrances on any real property owned by Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

32.   Any and all documents evidencing ownership of real property in which Defendant(s) currently enjoy a direct or indirect beneficial interest.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery**

**of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

33.   Any and all checks, receipts, deeds, or other evidence of the sale or transfer of any real property in which Defendant(s) had a legal or equitable ownership interest, within for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

34.   Any and all lease agreements for real property in which Defendant(s) is the landlord or have a beneficial interest for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

35.   Any and all lease agreements for real property in which Defendant(s) is the lessor or lessee for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

36.   Any and all documents that evidence Defendant(s) name being on any real property tax records, as payor or trustee, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

37.  Any and all deeds that title any real property to Defendant(s) as trustee for any other person or entity for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

38.  Any and all deeds of trust or mortgages held in favor of Defendant(s) at present or owned for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

39.  Any and all documents evidencing any time-share property that Defendant(s) enjoy the use of for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

40.  Copies of any appraisals or other forms of valuation for any property that Defendant(s) has an interest in or held any inters in within for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

41.  Promissory notes or mortgages Defendant(s) signed during for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

42.   Copies of all deeds and mortgages to which Defendant(s) currently holds
      property as tenant  by the entireties, tenant in common or joint tenant  for  the  years  2011,
      2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

43.   Certificate of title or other evidence of ownership of any boat, watercraft,  motorcycle, four-
      wheeler,  recreational  vehicle,  go-kart,  aircraft,  agricultural
      equipment,  or  construction  equipment  owned by or in possession of
      Defendant(s) whether owned by Defendant(s) or  any entity that          Defendant(s) is/are
      affiliated with, or held in  trust by Defendant(s)  for  the  years  2011,  2012,  2013,  2014,
      2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

44.   Any and all note receivables, pledges or security interests in favor of
      Defendant(s) now  and in for the years 2011, 2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

45.   Copies of all homeowner's insurance policies and other insurance policies or
      riders that  have insured any property that Defendant(s) owns or has the benefit or
      sue of, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

      **Objection, the request is overly broad as phrased, Defendant Freitas can only
      respond on behalf of himself, the request seeks confidential financial information,
      documents outside the relevant time period, and is not likely to lead to the discovery
      of admissible evidence. The documents requested will not help to either prove or
      disprove Plaintiffs allegations and are made merely to harass Defendants.**

46. Copies of all dock slips or other documentation evidencing the right to dock any watercraft in which Defendant(s) has a legal or beneficial interest for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

47. Certificate of title or other evidence of ownership in any car or vehicle(s) owned by or in possession of Defendant(s) whether owned by Defendant(s), or any entity that Defendant(s) affiliated with, or held in trust by Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

48. All documents referring in any way, directly or indirectly, to any and all businesses in which Defendant(s) is a member, managing member, stockholder, partner, officer, director, owner, or registered agent for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

49. Any and all corporate charters, minutes of stockholders' meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by Defendant(s) or any subsidiary or other entity win which that corporation has held an ownership interest during for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

50.     All documents referring or pertaining to any records of salaries,
        commissions, bonuses, income from employment, wages, pay stubs, dividends,
        royalties, allowances, expenses, or other sums of money paid to Defendant(s) within for
        the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only
        respond on behalf of himself, the request seeks documents outside the relevant time
        period, and is not likely to lead to the discovery of admissible evidence. The
        documents requested will not help to either prove or disprove Plaintiffs allegations
        and are made merely to harass Defendants.**

51.     Any and all employment contracts that Defendant(s) has had for the years 2011, 2012,
        2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only
        respond on behalf of himself, the request seeks documents outside the relevant time
        period, and is not likely to lead to the discovery of admissible evidence. The request
        is confusing as phrased as it does not specify what employment contracts it relates
        to. The documents requested will not help to either prove or disprove Plaintiffs
        allegations and are made merely to harass Defendants.**

52.     Copy of all documents showing a transfer of any funds and/or assets from
        Defendant(s) to anyone else or to any business for the years 2011, 2012, 2013, 2014,
        2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only
        respond on behalf of himself, the request seeks confidential financial information,
        documents outside the relevant time period, and is not likely to lead to the discovery
        of admissible evidence. The documents requested will not help to either prove or
        disprove Plaintiffs allegations and are made merely to harass Defendants.**

53.     Any and all employment contracts that Defendant(s) has entered into for the years 2011,
        2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only
        respond on behalf of himself, the request seeks documents outside the relevant time
        period, and is not likely to lead to the discovery of admissible evidence. The request
        is confusing as phrased as it does not specify what employment contracts it relates
        to. The documents requested will not help to either prove or disprove Plaintiffs
        allegations and are made merely to harass Defendants.**

54.     All banking deposits for Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and
        2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only
        respond on behalf of himself, the request seeks confidential financial information,**

**documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

55.   All contracts where Defendant(s) is providing services for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The request is confusing as phrased. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

56.   List of Defendants customers, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The request is confusing as phrased. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

57.   Copy of Cash Flow Statement of Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

58.   Account Receivables for Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

59.   Any and all documents and records of stocks, bonds, mutual funds, debentures, certificates of deposit or          other investment vehicle          owned by or held for Defendant(s) benefit for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The**

**documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

60.     Any and all rent rolls for the properties in which Defendant(s) had an
        ownership interest  for the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

61.     Copies of all 1099-D or 1099-1 forms issued to Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

62.     Any and all documents referring to any stock options or profit-sharing plans held by Defendant(s) or for the benefit of Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

63.     All documents referring to or reflecting the name and address of any storage facility or mini-warehouse to which Defendant(s) has access in which it stores products belonging to Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

64.     Copies of any and all financial statements Defendant(s) has prepared for any lender or creditor in for the years 2011, 2012, 2013, 2014, 2015, and 2016.

        **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The**

**documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

65.  Copies of any and all professional licenses held by Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period. Notwithstanding said objection, on behalf of Defendant Freitas, no.**

66.  Copies of all Miami Dade County or City of Miami Code Violations citations issued to Defendant(s) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objections, on behalf of Defendant Freitas, none from 2012 to the present.**

67.  Copies of all Lease Agreements entered on behalf of Defendants for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, as it relates to the Defendants and the property at issue, none.**

68.  Copies of all outstanding invoices owed to Defendants for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

69.  A copy of all documents used by Defendants' or their accountant to prepare the federal tax returns for the years 2011, 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida) for any company owned and/or operated and/or which Defendants had an interest in. This request includes, but is not limited to, a copy of Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years

2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. This request was already made in Plaintiff's first request for production.**

70.   A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the federal tax returns for any company owned and/or operated and/or which Defendants had an interest in for the years 2011, 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential financial information, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

71.   All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue for any company owned and/or operated and/or which Defendants had an interest in for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

72.   All of the bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks for any company owned and/or operated and/or which Defendants had an interest in have/had accounts with for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Additionally, Freitas has already provided bank account information.**

73.   A copy of all contracts between for any company owned and/or operated and/or which Defendants had an interest in and their clients from the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The request is confusing and incomplete as drafted. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants**

74.   A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) for any company owned and/or operated and/or which Defendants had an interest in by their clients for the years 2011, 2012, 2013, 2014, 2015, and 2016. This request includes any documents with respect to money that was received by for any company owned and/or operated and/or which Defendants had an interest in and later paid to the state, local or federal government or any subdivision thereof.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Information as it relates to any companies not a party to this action is irrelevant.**

75.   Any and all corporate books and records of CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of any company owned and/or operated and/or which Defendants had an interest in.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself. Freitas does not have access to documents associated with the Corporate Defendant.**

76.   A copy of Defendants' Quickbooks for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

77.   A copy of Defendants' "Trial Balance" ledgers for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

78.   A copy of any and all permits for Defendants for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

79.   A copy of any and all applications for permits for Defendants for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

80.   Any and all receipts showing payments received by Defendants' by their customers/clients by cash check, credit card, and any other means of payment for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none in his possession.**

81. Any and all receipts showing payments made by Defendants' customers/clients to Defendants by cash check, credit card, and any other means of payment for the years 2011, 2012, 2013, 2014, 2015, and 2016.

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none in his possession.**

82. A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2011, 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida).

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. This request is a duplicate and was already included in Plaintiff's First Request for Production. Defendant Freitas has already produced his tax returns.**

83. A hardcopy printout of all of Defendants Quickbooks for the years 2011, 2012, 2013, 2014, 2015, and 2016.

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential documents, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

84. A hardcopy printout of all of Defendants Quickbooks for the years 2011, 2012, 2013, 2014, 2015, and 2016, that allegedly show all sales made by Defendants.

   **Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential documents, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

85. Any and all documents and/or electronic data reflecting the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or

independent contractors and/or laborers, each employees and/or independent contractors and/or laborers dates of employment, rate(s) of pay, and method of payment (i.e. cash/check/direct deposit, etc.) for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential documents pertaining to unrelated third parties, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants.**

86.    Any and all banking records reflecting incoming deposits into any accounts in the name of, or for the benefit of, Defendants, for the period of 2011, 2012, 2013, 2014, 2015, and 2016. These bank records include, but are not limited to, bank statements, deposit slips, confirmation slips, transaction receipts, ATM receipts and credit and/or debit card withdrawals or charges.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential documents, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Additionally, Defendant Freitas has already provided his bank account information.**

87.    Copies of any and all applications and/or documentation, including any and all printouts reflecting any information provided to FLORIDA POWER & LIGHT COMPANY by or on behalf of Defendants for the purpose of establishing an account with FLORIDA POWER & LIGHT COMPANY, including any employment credit and/or banking information provided.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

88.    Copies of payments made to FLORIDA POWER & LIGHT COMPANY for any monthly utility service provided to Defendants and/or for utility service provided and/or billed to Defendants. If payments are made via third party or to a lock box, please provide the third party or lock box entity name and contact information.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time**

**period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

89.   Copies of any and all documentation, including any and all printouts reflecting any bank routing or transit number and/or bank account information provided to FLORIDA POWER & LIGHT COMPANY for the purpose of any online payments for monthly utility service provided to Defendants.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

90.   Copies of any and all applications and/or documentation, including any and all printouts reflecting any information provided to MIAMI-DADE WATER AND SEWER DEPARTMENT by or on behalf of Defendants for the purpose of establishing an account with MIAMI-DADE WATER AND SEWER DEPARTMENT, including any employment credit and/or banking information provided.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

91.   Copies of payments made to MIAMI-DADE WATER AND SEWER DEPARTMENT for any monthly utility service provided to Defendants and/or for utility service provided and/or billed to Defendants. If payments are made via third party or to a lock box, please provide the third party or lock box entity name and contact information.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none other than the documents provided.**

92.   Copies of any and all documentation, including any and all printouts reflecting any bank routing or transit number and/or bank account information provided to MIAMI-DADE

WATER AND SEWER DEPARTMENT for the purpose of any online payments for monthly utility service provided to Defendants.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

93.   A copy of any and all Operating Permits for Defendants for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

94.   Any and all work orders for any and all car repairs for the years 2011, 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

95.   All of the Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts with for the years 2013, 2014, 2015, 2016, and 2017.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks confidential documents, documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. The request is duplicative. Additionally, Defendant Freitas has already provided his bank account information.**

96.   Any and all documents relied on responding to Plaintiff's Supplemental Interrogatories to Each Defendant, dated 7/21/17.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself. On behalf of Defendant Freitas, none other than the**

**documents produced.**

97.   Any and all sale agreements and/or sale contracts, purchase agreements and/or purchase contracts, business sales agreements and/or business sales contracts, and the transfer of funds and/or assets and/or receipts and/or sale documents and/or receipts and/or invoices for those items listed in Response No. 1 to Plaintiff's Supplemental Interrogatories to Each Defendant, dated 7/21/17.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself, the request seeks documents outside the relevant time period, and is not likely to lead to the discovery of admissible evidence. The documents requested will not help to either prove or disprove Plaintiffs allegations and are made merely to harass Defendants. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

98.   Any and all sale agreements and/or sale contracts, purchase agreements and/or purchase contracts, business sales agreements and/or business sales contracts, and the transfer of funds and/or assets and/or receipts and/or sale documents for soap, wax, perfumes, conditioners, vacuums, pumps for hoses, water pistols, plastic end of vacuums, cleaning solution, cleaning materials, rags, scrubs, buckets, hand towels, "Maguire" vacuums, "Maguire" dryers, dryers, "Maguire" vacuum dryer, "Hyderbad" vacuum cleaners, Formula 79, Autoparts, Advance Autoparts, Home Depot, hydrolic oils, auto-parts, auto repair parts, Gold Coast beer, Costco, Costco cigarettes, cigarettes, coca cola, Pepsi, and all the goods and materials handled or otherwise worked with by at least (2) of Defendants' employees/independent contractor/worker/laborer on a regular and recurrent basis for the years 2012, 2013, 2014, 2015, and 2016.

**Objection, the request is overly broad as phrased, Defendant Freitas can only respond on behalf of himself. Notwithstanding said objection, on behalf of Defendant Freitas, none.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished via

CM/ECF on this 21st day of August, 2017, to the parties identified on the attached service list.

**BERENS, FERNANDEZ & ASSOCIATES, P.A.**
*Attorneys for Defendant, Dagoberto Freitas*
2100 Ponce De Leon Blvd., Penthouse 2
Coral Gables, Florida 33134
P. (305) 329-2990

/s/ Andres F. Fernandez
Andres F. Fernandez, Esquire
Florida Bar No. 111967
Samantha Fraga-Lopez, Esquire
Florida Bar No. 115957
Fernandez@berensfernandez.com
Fraga@berensfernandez.com
Pleadings@berensfernandez.com

## SERVICE LIST

Allyson Morgado
Corona Law Firm
3899 NW 7th Street
2nd Floor
Miami, Florida 33126
E-mail: amorgado@coronapa.com

Neil Tobak
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: ntobak.zidellpa@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: <u>rivkah.jaff @gmail.com</u>


Matthew Leto
Hall, Lamb, and Hall, P.A.
2665 South Bayshore Dr.
Penthouse One
Miami, Florida 33133
E-mail: <u>mleto@hlhlawfirm.com</u>

                                        <u>/s/ Andres F. Fernandez</u>
                                        Andres F. Fernandez, Esquire