UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
      Plaintiff, )
  vs. )
)
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, )
ALEXANDER AYZEN, )
DAGOBERTO FREITAS, )
)
      Defendants. )
_____ )

**PLAINTIFF'S REPLY TO [DE70]**

    COMES NOW the Plaintiff, by and through the undersigned, and hereby Replies to Defendant DAGOBERTO FREITAS' (FREITAS) Response in Opposition to Plaintiff's Motion for Protective Order, filed by Defendants as [DE70], and in support thereof states as follows:

1. Plaintiff has moved for a Protective Order to prevent Defendant FREITAS from conducting a second deposition of Plaintiff, or, in the alternative, should the Court permit Defendant FREITAS to take a second deposition of Plaintiff, Plaintiff moved the Court to limit the duration of the deposition to not exceed 5.8 hours, prohibit Defendant[1] DAGOBERTO FREITAS from re-asking any questions previously asked to Plaintiff at his first deposition, prohibit Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL and AYZEN, from cross-noticing and/or asking

---

[1] Defendant FREITAS does not oppose limiting Plaintiff's deposition to 5.8 hours.

1

        questions at the deposition[2], and for the deposition to occur at Plaintiff's counsel's office.

2. In his Response in Opposition [DE70], Defendant FREITAS, alleges that Plaintiff did not properly confer prior to filing his motion for Protective Order [DE63]. This argument is disingenuous; it is abundantly clear that Plaintiff's counsel conferred with Defendant FREITAS, corroborated by the conferral attempts attached to Defendant FREITAS's Response [DE70-1] ("I can't make a broad-stroke representation that I will not ask any questions previously asked."). As such, Plaintiff filed the instant Motion for Protective Order.

3. Further, Defendant FREITAS oppose Plaintiff's Motion as they contend that "[i]t is inappropriate for the Court to limit the deposition based on prior questions because it would be impossible for the undersigned to know when a question intended to be asked is too similar to one prior." *Id.* Defendant provides this Court with no relevant case law to substantiate his position that Defendant FREITAS is permitted to depose Plaintiff for a second time.

4. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. *See,* Fed.R.Civ.P.

---

[2] Defendants, A&A Auto Pride, LLC. d/b/a Sunny Isles Mobil and Alexander Ayzen, did not file a Response. Pursuant to Local Rule 7.1(c), "all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. **Failure to do so may be deemed sufficient cause for granting the motion by default**..." As such, Defendants, A&A Auto Pride, LLC. d/b/a Sunny Isles Mobil and Alexander Ayzen, have waived any arguments they may have in Response to same as the time has passed for the filing of a Response.

30(a)(2)(A)(ii). Yet, Defendants have failed to move for leave of court to re-depose the Plaintiff as mandated by Fed.R.Civ.P. 30(a)(2)(A)(ii).

## MEMORANDUM OF LAW

Plaintiff has demonstrated good cause why he should not be subjected to a second deposition in a matter where he has been deposed previously; therefore, a Protective Order is justified.

Under Fed.R.Civ.P. 26(c), a protective order may be granted if a deposition would annoy, embarrass, oppress or put undue burden on a party. *Ahearn v. Rescare W. Va.*, 208 FRD 565 (SD W. Va. 2002). Plaintiff should not have to go through the annoyance, embarrassment and, moreover, it is annoying and oppressive as Plaintiff has already missed approximately two days worth of work (one for preparation and one for attendance) and traveled each way, in order to attend his deposition. Requiring Plaintiff to do so again and lose an additional days work would create an undue burden in addition to being annoying and oppressive. Furthermore, Defendant FREITAS has available other, less intrusive means of obtaining any discoverable facts that could conceivably be revealed through a second deposition of the Plaintiff (i.e. Plaintiff responded to written discovery and Defendant FREITAS is able to send supplemental written discovery). Indeed, a number of the items sought through Defendant's requests for Plaintiff's second deposition have also been the subject of Defendants' written discovery including Interrogatories, Requests for Production, and Request for Admissions.

As per Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Rule 26(b)(2) provides that a court shall limit discovery if:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

Thus, if there was sufficient opportunity to obtain the information previously, the Court should not allow a reopening or retaking of a deposition or, in the alternative, should limit the duration and scope to relevant non-duplicative discovery. The Defendant claims this would prejudice him, yet, Plaintiff's deposition transcript has already been filed on the record [DE53-1], Defendants have propounded written discovery directed towards Plaintiff and Plaintiff has responded to. As such, should the Court determine that a second deposition is permissible, Defendant FREITAS should review said transcript and discovery responses and should be prohibited from re-asking any questions previously asked to Plaintiff in his initial deposition as it would be unduly burdensome to subject Plaintiff to a second deposition wherein the same questions previously asked are asked again and same would also be duplicative. His statements have not been conflicting regarding material issues. Additionally, the material subject of the deposition scheduled is same or similar to that Plaintiff's original deposition and responses to discovery sought are obtainable from other source that is more convenient (i.e. Plaintiff's deposition transcript, Plaintiff's written discovery responses, etc.).  The Defendant FREITAS cites to authority including *Amerisure Ins. Co. v. Albanese-popkin the oaks Def. Grp., L.P.*, to support its position that the courts have frowned upon preventing depositions. Defendant FREITAS fails to include the fact that said case law cited to in support of its position are making rulings on initial depositions and are not discussing a second bite at the apple with regards to depositions such as in the case at bar and, thus, are distinguishable.

Should the court allow Defendant FREITAS to take Plaintiff's second deposition, the areas of inquiry should be limited in the scope. "Several courts faced with similar situations have granted a party the right to take a second deposition, but have limited that deposition to matters not addressed in the first deposition." *Christy v. Pennsylvania Turnpike Com'n,* 160 F.R.D. 51, 53 (E.D. Pa. 1995) (citing cases); *See also. San Francisco Bay Area Rapid Transit Dist. v. Spencer,* 2006 WL 2734289, 2 (N.D. Cal.) (limiting scope "to those areas not already covered in the previous depositions."); *Collins v. International Dairy Queen,* 189 F.R.D. 496, 498 (M.D. Ga. 1999) ("these supplemental depositions should not involve substantial repetition of questions previously asked and answered and instead should focus on subjects not previously inquired about and facts or alleged facts and developments since their initial depositions."); *Schbley v. Gould,* 1993 WL 135427, 1 (D. Kan.) ("The general rule adhered to by this court is that depositions of witnesses or parties already deposed will be permitted, but their depositions should be limited to those areas not covered in the earlier depositions."); *Perry v. Kelly-Springfield Tire Co., Inc.,* 117 F.R.D. 425, 426 (N.D. Ind. 1987) ("The second deposition of the plaintiff shall be limited to those areas not covered during the initial deposition."). Defendant stipulated to not re-ask questions that Plaintiff was asked at his first deposition and also agreed to limit the deposition time. There is sufficient controlling law which supports Plaintiff's position that questions focused on previously asked <u>subjects</u> or <u>areas</u> covered in the initial deposition are inappropriate.

Plaintiff has already been required to travel to Defendants, A&A Auto Pride, L.L.C. and Alexander Ayzen, counsel's office for his first deposition and, thus, should the Court permit a second deposition it should take place at Plaintiff's counsel's office. Defendant FRIETAS claims that the deposition should occur at Defendant FRIETAS' Counsel's office "as is customary".

5

The undersigned acknowledges that traditionally a deposition will occur at the deponent's place of choosing, however, re-opening a deposition is not customary, nor do the Federal or Local rules require same. The cost and expense of travel by the Plaintiff is one factor to consider, but in addition, counsel will also have to incur the travel costs to defend the depositionand then recoup the expense as a "disbursement" at the conclusion of the case.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT ENTER A PROTECTIVE ORDER TO PREVENT DEFENDANT. DAGOBERTO FREITAS, FROM CONDUCTING A SECOND DEPOSITION OF PLAINTIFF. IN THE ALTERNATIVE, SHOULD THE COURT BE INCLINED TO PERMIT DEFENDANT, DAGOBERTO FREITAS, TO TAKE A SECOND DEPOSITION OF PLAINTIFF, PLAINTIFF RESPECTFULLY REQUESTS THE COURT LIMIT THE DURATION OF THE DEPOSITION TO NOT EXCEED 5.8 HOURS, PROHIBIT DEFENDANT, DAGOBERTO FREITAS, FROM RE-ASKING ANY QUESTIONS PREVIOUSLY ASKED TO PLAINTIFF AT HIS FIRST DEPOSITION, PROHIBIT DEFENDANTS, A&A AUTO PRIDE, L.L.C. D/B/A SUNNY ISLES MOBIL AND AYZEN, FROM CROSS-NOTICING AND/OR ASKING QUESTIONS AT THE DEPOSITION, AND FOR THE DEPOSITION TO OCCUR AT PLAINTIFF'S COUNSEL'S OFFICE.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Neil Tobak____
       Neil Tobak, Esquire
       Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/13/17 TO:**

**MATTHEW LETO, ESQ.[3]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.[4]
BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD., PENTHOUSE 2
CORAL GABLES, FLORIDA 33134
PH: (305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM
PLEADINGS@BERENSFERNANDEZ.COM
FRAGA@BERENSFERNANDEZ.COM**

**BY:  /s/ Neil Tobak
NEIL TOBAK, ESQ.**

---

[3] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[4] Defense counsel, Mr. Fernandez, Esq., only represents Defendant, DAGOBERTO FREITAS.