UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23039-CIV-OAR

LEONEL ROMELI MIX DONIS,

    Plaintiff,

vs.

A&A AUTO PRIDE, LLC. d/b/a
SUNNY ISLES MOBIL, ALEXANDER
AYZEN, DAGOBERTO FREITAS

    Defendants.

_____/

### DEFENDANT DAGOBERTO FREITAS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY AND FOR SANCTIONS

Defendant, DAGOBERTO FREITAS ("Freitas"), by and through undersigned counsel, hereby files his Response to Plaintiff's Motion to Compel Better Responses to Plaintiff's Discovery and for Sanctions (hereinafter referred to as "Motion to Compel") and in support states as follows:

### Introduction

Plaintiff, in his Motion to Compel, seeks responses to interrogatories and the production of documents, which have already either been the subject of a protective order granted by this Court, provided by Freitas, or are irrelevant as it relates to the allegations raised by the Plaintiff in his Amended Complaint [D.E. 35]. Each of the seventy (70) requests included in Plaintiff's motion will be addressed in turn.

**Discovery Requests**

As an initial matter, Plaintiff's motion fails to comply with Rule 26.1(g)(2) of the Local Rules for the Southern District of Florida, which governs motions to compel, which states:

> Except for motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Federal Rules of Civil Procedure 33, 34, 36 and 37, or to compel compliance with subpoenas for production or inspection pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), shall, for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession to enable the Court to rule separately on each individual item in the motion.

As discussed in this response, Plaintiff groups several discovery requests and fails to, for each separate request, state the reasons assigned as supporting the motion as it relates to that specific item. During several conferral efforts, the undersigned requested specifics as to why *each* request should be produced but counsel for Plaintiff has not provided relevant case law or facts to support each request individual request. Plaintiff has also failed to provide such information for the Court. Accordingly, Plaintiff's motion should be denied in its entirety.

**Interrogatory No. 1**: Plaintiff requests a list of all the goods and materials handled or "worked with" by at least two (2) of the Defendants employees on a regular and recurrent basis including the place of manufacture from 2011 through 2016.

At the outset, it is important to note that any requests relating to 2011 are irrelevant as they fall outside the relevant time period. Additionally, Plaintiff and his counsel have or will have all information sought. Mr. Freitas, during his deposition, outlined the products utilized in the car wash as well as where he purchased said items. During his deposition, Mr. Freitas was under oath and subject to the same penalties of perjury applicable to the interrogatories.

Plaintiff's counsel has also set an inspection of the property, which is to occur on September 28th, 2017, wherein Plaintiff's counsel has outlined, in its notice of inspection, that the inspection is to include any and all products that may have been used in the car wash. See Re-Notice of Inspection marked as Exhibit A.  Plaintiff's counsel has also set the depositions duces tecum of the 30(b)(6) Corporate Representatives from the locations where items were purchased, including Advance Auto Parts, Home Depot, and Formula 79, seeking information as to all products purchased from 2012 through 2016 and testimony, which "shall also address from where such products sold, leased, rented, and under contract…were distributed, produced, and where manufactured." See Subpoena's for Deposition Duces Tecum marked as Composite Exhibit B.

**Interrogatories 2 and 3:** Plaintiff requests the current location of any goods or materials referenced in response to Interrogatory No. 1 as well as the reason any such goods or materials were removed or destroyed. Mr. Freitas has provided a complete response. Additionally, Defendant Freitas incorporates the facts set forth above in response to Interrogatory No. 1. Plaintiff's counsel is needlessly increasing the fees expended in this matter by requesting information he already possesses.

**Requests for Production No.'s 1 through 20:** In violation of Rule 26.1(g)(2), Plaintiff has improperly grouped twenty (20) separate and distinct requests for the Court and provided one blanket explanation as to why the Court should compel production of the documents sought by all twenty (20) requests.

Requests 1 through 20 each seek documents related to RJ Hand Car Wash, LLC. Plaintiff previously sought to take the deposition duces tecum of the 30(b)(6) Corporate Representative of RJ Hand Car Wash (Defendant Freitas) and requested each of the same documents outlined in

3

Requests for Production 1-20. See Subpoena for Deposition Duces Tecum marked as Exhibit C. Pursuant to Defendant Freitas' Motion for Protective Order [D.E. 53] and the hearing on August 17th, 2017, the Court granted the Defendant Freitas' Motion for Protective Order. [D.E. 60] Therefore, Plaintiff is attempting to circumvent the protective order entered by the Court.

If the Court were to find that the protective order was not applicable to the discovery requests at issue, which Defendant Freitas strongly opposes, the Court should still deny the motion to compel as it relates to requests 1 through 20. Plaintiff represents that the reason he seeks documents from RJ Hand Car Wash is because "[f]actual questions remain concerning whether the current Defendants are joint enterprises with RJ Hand Car Wash, LLL," because it is "…vital to allow Plaintiff the opportunity to complete his due diligence regarding the $500,000 monetary threshold as to Defendant FREITAS as well as interstate commerce…," and because "Plaintiff is entitled to an adequate opportunity for a meaningful review and analysis of Defendant's financial information to explore the business done and stacking of income." Plaintiff's arguments are flawed for several reasons.

First, Plaintiff never alleged joint enterprise in his Complaint, Amended Complaint, deposition, or responses to discovery. Therefore, Plaintiff cannot reasonably do so at this point in the litigation. In *Gonzalez v. Old Lisbon Rest. & Bar L.L.C*., 820 F. Supp. 2d 1365 (S.D. Fla. 2011), this Court dismissed the action because the "Plaintiff did not allege the facts necessary to proceed under a joint enterprise theory." *Id.* at 1371. In *Gonzalez,* this Court noted: "Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations. *Id.* at 1730 See *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (a plaintiff is obligated to provide "more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do"). This Court dismissed the Complaint in *Gonzalez* because joint enterprise was not *sufficiently* pled. In the instant case, joint enterprise has *never* been pled. Further, in *Gonzalez,* there were several Corporate Defendants whereas in the case at bar, the Plaintiff has only filed against one, A&A Auto Pride, LLC.

Secondly, the purpose of a Plaintiff alleging joint enterprise is so he may be afforded the opportunity to aggregate the income of two or more businesses in order to reach the $500,000 threshold required under the Fair Labor Standards Act ("FLSA"). However, in the instant action, aggregating the income of another business to the named Corporate Defendant, A&A Auto Pride is not necessary. A&A Auto Pride has produced all of its tax returns for the relevant time period, which evidence gross revenues in excess of $500,000 per year during the relevant time period. Therefore aggregating or "stacking" income as outlined by the Plaintiff is not necessary in the instant action and any and all documents requested as it relates to an unrelated non-party, RJ Hand Car Wash, LLC are irrelevant.

Thirdly, the Corporate entity in the case at bar is A&A Auto Pride, LLC. There is no evidence on the record or otherwise, that A&A Auto Pride was associated in any way with RJ Hand Car Wash, LLC.

Lastly, Plaintiff's counsel issued a subpoena for deposition duces tecum to Mr. Freitas' accountant. Said deposition occurred on September 19th, 2017. During the deposition, Mr. Freitas' accountant produced taxes for RJ Hand Car Wash, LLC for the relevant time period. Therefore, despite the objections by Freitas, and in violation of the protective order in place, Plaintiff already has some of the documents he is requesting in his motion to compel.

**Requests for Production No.'s 21, 22, 23, 24, 26, and 28:** Once again, Plaintiff groups six (6) different requests and provides one blanket explanation as to why all are necessary despite the distinctions among each request. The aforementioned requests seek documents such as records of checking and savings accounts, documents reflecting transfers from financial accounts, signature cards naming Defendant(s) as signatory, documents submitted to obtain a loan, documents related to accounts where income is deposited, and copies of bank statements.

As previously noted, Defendant A&A Auto Pride has already produced tax documents evidencing gross revenues above the $500,000 threshold for the relevant time period as required by the FLSA. The Corporate Defendant, A&A Auto Pride has also already produced bank statements for the relevant time period, evidencing purchased made by the Corporate entity, which was sued in the instant action. If the Plaintiff is seeking the individual Defendant Freitas' individual bank records, such records are not relevant to the case at bar. Plaintiff attempts to argue that bank records are necessary as they would "reveal where Defendants' supplies are purchased, manufactured, etc." Plaintiff's argument that a bank statement would reflect the items that were purchased at a specific location is disingenuous, as it is common knowledge that the items purchased and their place of manufacture would not appear on a bank statement.

**Requests for Production No.'s 30 through 41, 45, 77, and 79:** Once again, Plaintiff groups fourteen (14) different requests and provides one blanket explanation as to why all are necessary, despite the distinctions among each request. The aforementioned requests seek documents reflecting real property owned, encumbrances on property owned, transfers of property, lease agreements, deeds, mortgages, time-share property, valuation of property, promissory notes, homeowners insurance policies, and "trial balance" ledgers, among other things. There has been testimony from Defendant Freitas and Defendant Ayzen, as well as from

6

the Plaintiff that Freitas paid Ayzen rent to use the space for the car wash. There is no evidence to support that Freitas had any interest in the land or that there was a written agreement among the Defendants. Both Freitas and Ayzen have testified that the agreement for rent was verbal and never memorialized in writing. In fact, Defendant Ayzen has since sold the business but Freitas continues to operate the car wash at the same location. Any documents relating to other properties owned by Freitas are not relevant to the issues as framed by the pleadings. Freitas incorporates the facts and case law cited supra as it relates to Plaintiff's argument that the requests are necessary to prove joint enterprise.

**Requests for Production No.'s 49, 50, 52, 53, 54, 55, 56, 57:** Again, in an effort to confuse the issues for the Court, Plaintiff groups eight (8) separate and distinct requests and provides a single explanation as to why all are relevant to the case at bar. The aforementioned requests seek meeting minutes, dividends or royalties paid to Defendant(s), documents evidencing transfers of funds, employment contracts, banking deposits, list of Defendant(s) customers, and cash flow statements. Plaintiff does not offer any reason as to why the requested documents should be produced other than "… this is directly relevant to issues related to whether Defendants acted in good faith and/or knowingly or willfully disregarded their obligations under the FLSA." It is not clear how the requests would demonstrate good faith, or lack thereof on the part of Defendant Freitas.

**Requests for Production No.'s 69, 70, 71, 72, 73, and 85:** Plaintiff once again groups six (6) distinct requests and provides a single explanation as to why the Court should compel production of all of them. The aforementioned requests seek documents used to prepare Defendants' tax returns, Florida Sales and Use Tax Returns, bank statements including cancelled

7

checks, and documents reflecting dates of birth and social security numbers for Defendants' employees, among other things.

At the outset, it is important to note that despite their irrelevance to the instant action, Defendant Freitas has produced his individual tax returns for the time period relevant to the Complaint. Similar to the discussion above, Freitas' tax returns are not relevant to the instant action, nor will they evidence "…where Defendants supplies are purchased, manufactured, etc." as represented by Plaintiff. Additionally, there has been testimony from Freitas as well as the Plaintiff that wages for Plaintiff as well as for other workers were paid in cash. Therefore, Plaintiffs argument that the requested forms will demonstrate wages paid is disingenuous. Plaintiffs already have the tax forms from A&A Auto Pride as well as the documents used to prepare the tax forms. Such documents were produced both by Mr. Ayzen as well as by his accountant during his deposition duces tecum, which occurred on September 19th, 2017. Also, Freitas' individual tax returns would not include documents such as Florida Sales and Use Tax Returns, as such is only contained in a corporation's tax returns.

Freitas reincorporates previously included case law and facts as it relates to Plaintiff's argument that the requested documents are necessary to show where products purchased were manufactured.

It is clear from Plaintiff's motion, that the requests he seeks to compel are not only overly broad and irrelevant, they have been requested with the intention of harassing Defendants.

### **Motion for Sanctions**

Plaintiff's request for sanctions should be denied as there is no evidence of bad faith by Mr. Freitas or the undersigned. The only party demonstrating bad faith is the Plaintiff and his

counsel, as evidenced by their frivolous motion to compel, which seeks, among other things, documents already subject to a protective order entered by the Court.

The objections by Defendant Freitas are substantially justified. Plaintiff is the master of his Complaint and it is not the responsibility of a Defendant to produce documents that are irrelevant to the issues as framed by the pleadings. As noted by Plaintiff in his motion, the inquiry for the Court as to whether to award sanctions focuses primarily on the conduct and motive of the party against which sanctions are sought. It is evident Defendants have not acted in bad faith despite being subject to over seventy (70) irrelevant discovery requests, a response to their motion, and a hearing relating to same.

Accordingly, for the reasons set forth herein, Plaintiff's Motion to Compel Better Discovery Responses and for Sanctions should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Response was furnished via CM/ECF on this 28th day of September, 2017, to the parties identified on the attached service list.

**BERENS FERNANDEZ & ASSOCIATES, P.A.**
*Counsel for Defendant Dagoberto Freitas*
2100 Ponce de Leon Blvd, PH#2
Coral Gables, FL 33134
Telephone: (305) 329-2990

*/s/*Andres F. Fernandez
ANDRES F. FERNANDEZ
Florida Bar No.: 111967
SAMANTHA M. FRAGA-LOPEZ
Florida Bar No.: 115957
Fernandez@berensfernandez.com
Fraga@berensfernandez.com
Pleadings@berensfernandez.com

## **SERVICE LIST**

Allyson Morgado
Corona Law Firm
3899 NW 7th Street
2nd Floor
Miami, Florida 33126
E-mail: amorgado@coronapa.com

Neil Tobak
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: ntobak.zidellpa@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: rivkah.jaff_@gmail.com

Matthew Leto
Hall, Lamb, and Hall, P.A.
2665 South Bayshore Dr.
Penthouse One
Miami, Florida 33133
E-mail: mleto@hlhlawfirm.com

                                      /s/ Andres F. Fernandez
                                      Andres F. Fernandez, Esquire