UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
       Plaintiff, )
  vs. )
)
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, )
ALEXANDER AYZEN, )
DAGOBERTO FREITAS, )
)
       Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE DEPOSITION LIMIT**

COMES NOW the Plaintiff, by and through undersigned counsel, and requests the entry of an Order permitting Plaintiff to exceed the deposition limit set forth in Rule 30(a)(2)(A) and Rule 31(a)(2)(A) of the Federal Rules of Civil Procedure of this Court and in support thereof states the following:

1. Per the Court's Scheduling Order, the discovery cutoff is April 14, 2018. [DE33].

2. To date, Plaintiff has conducted four (4)[1] depositions including: (1) Alexander Ayzen, individually and as the 30(b)(6) Corporate Representative of the Corporate Defendant A&A Auto Pride, L.L.C. d/b/a Sunny Isles Mobil; (2) Dagoberto Freitas; (3) Defendants' accountant, 30(b)(6) Corporate Representative of Joel M. Kupferman, P.A.

---

[1] Plaintiff believes that as the individual Defendant Alexander Ayzen appeared in his individual capacity and as the 30(b)(6) Corporate Representative of the Defendant Corporation that Plaintiff only has conducted four (4) depositions as opposed to five (5).

1

(*duces tecum)*; and (4) Defendants' accountant, the 30(b)(6) Corporate Representative of USA Tax Corporation[2] (*duces tecum)*.

3. Plaintiff has noticed and subpoenaed five (5) deponents regarding same: (1) the 30(b)(6) Corporate Representative of Formula 79; (2) the 30(b)(6) Corporate Representative of Advance Auto Parts; (3) the 30(b)(6) Corporate Representative of Home Depot; (4) Defendants son, Danilo Freitas; and (5) Defendants son, Daniel Lombardo Freitas. The deponents (1)-(3) are relevant to the interstate commerce prong of FLSA coverage/subject-matter jurisdiction, which is contested by Defendants. *See, Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010).[3]

4. Plaintiff is desirous to conduct the additional witnesses as they are germane to issues related to Plaintiff's claim as well as joint enterprise/joint employer issues. The additional fact witnesses and Defendants' employees identified by Defendant Ayzen by way of deposition and interrogatory responses are: (1) Tony Nassar; (2) Persaud Deonarine; (3) Derek Johnsonas; (4) Garbany (last name unknown); and (5) the individual identified in the sales documents who allegedly purchased the business subsequent to Defendant Ayzen (*duces tecum*).

---

[2] Plaintiff noticed the deposition of the 30(b)(6) Corporate Representative of USA Tax Corporation and Marco Aurelio Moreira Reis. Mr. Moreira Reis appeared as the Corporate Representative of USA Tax Corporation and, as such, Plaintiff did not proceed with the deposition of Mr. Reis in his individual capacity.

[3] Plaintiff has also conducted a property inspection of the carwash under Rule 34 regarding FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong. At said property inspection, Plaintiff attempted to conduct a property inspection of the gas station, auto repair shop, and quickie-mart, owned by the Defendants during the relevant time period, however, said investigation was thwarted by the alleged new owner of same. *See also, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 2008 U.S. Dist. LEXIS 23007, *6 (M.D. Fla. 2008).

5. Therefore, Plaintiff respectfully requests the Court entry of an Order permitting Plaintiff to exceed the deposition limit set forth in Rule 30(a)(2)(A) and conduct an additional four (4) deposition over the permitted ten (10) depositions.

## **MEMORANDUM OF LAW**

Rule 30(a)(2)(A) provides that leave shall be granted to the extent consistent with Rule 26(b)(2). None of the basis identified in Rule 26(b)(2) for limiting discovery are applicable here. To the contrary, the importance of the proposed discovery in resolving the issues at stake in this case outweigh any minimal burden imposed on Defendants in allowing Plaintiff to conduct in excess of ten depositions. When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2); *Mazur v. Lampert*, 2007 U.S. Dist. LEXIS 13934 (D. Fla. 2007).

Plaintiff is not in violation of Fed. R. Civ. P. 30(a)(2)(A) as Plaintiff should be entitled to take ten depositions per Defendant. Nevertheless, if the Court finds that Plaintiff is not entitled to ten depositions per a Defendant under Fed. R. Civ. P. 30(a)(2)(A), then Plaintiff asserts that the taking of an additional four (4) more depositions is not unreasonably cumulative or duplicative and such information is not obtainable from some other source that is more convenient. Under information and

belief, said witnesses would have information relevant to the joint employer/joint enterprise theories. This is a complex multi-party case with distinct issues (i.e. joint enterprise, joint employer, etc.), and it is necessary for Plaintiff to fully explore vital discovery related to FLSA issues extant herein. It is necessary for Plaintiff to complete his due diligence and conduct discovery relevant to same as Defendants are attacking factual questions without Plaintiff being afforded the opportunity to complete his due diligence. Plaintiff believes he has evidentiary support as it relates to his position that Defendants were joint employers and a joint enterprise during the relevant time period, however Plaintiff needs further discovery to enable Plaintiff to create a factual record. Plaintiff should be permitted to develop a factual record to further support his joint employer/joint enterprise theories as the Court herself indirectly acknowledged through the ruling in her Order [DE60] that there are distinct issues as it relates to the multi-party Defendants in the instant action.

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d).  Section 203(d) specifically permits joint employment relationships to be recognized for purposes of FLSA lawsuits.  *See, e.g., Jimenez v. Southern Parking, Inc. et al.*, 07-23156-CIV-O'SULLIVAN (DE# 47 at 23).  Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act. *See*, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001), and a crucial factor is determining whether Plaintiff was

completely economically dependent on the Defendants.[4] With respect to the particular nuance of joint employment and the factors to consider, s*ee*, *Layton v. DHL Express, Inc.*, 686 F.3d 1172, 2012 U.S. App. LEXIS 13978, (11th Cir. 2012).[5]

The Eleventh Circuit has "coined" the employer determination under the FLSA as one of law, but has simultaneously stated that if factual issues exist in the employer analysis, then summary judgment is inappropriate and a jury should be left the task of weighing the factual issues relative same. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). As the Eleventh Circuit stated in *Apolinar Martinez-Mendoza et.al. v. Champion International Corporation*, 16 Fla. L. Weekly Fed. C945, (11th Cir. 2003), "no one factor is dispositive" and the laborer must establish the joint employment inference by a preponderance of the evidence." Such points to the need for a jury's determination in light of all of the facts adduced via discovery, rather than one of the Court at the dismissal stage---especially when a jury trial has been requested such as in the instant case. After all, it is axiomatic that plaintiffs are entitled to a jury trial in Fair Labor Standard Act suits. *Lewis v. Times Publishing Co*., 185 F.2d 457 (5th Cir.

---

[4] An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001)(emphasis added).  In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

[5] The prongs under *Layton* (which analyzes the economic realities test in joint employment scenarios) include:  "(1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of the facilities where work occurred, and (7) performance of a specialty job integral to the business.  With respect to factor (8), investment in equipment and facilities, the court deems "irrelevant if one were comparing the investment by the workers versus the land owner." *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012).

1950). "[I]t is clear that a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *See, Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) and *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993).

Regarding joint enterprise the analysis is different in that it focuses on common business purpose and ownership. Related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose." *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974).[6] Plaintiff needs to pursue discovery regarding the theory that "related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose." *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974). The term "enterprise" is defined under 29 USC Section 203®(1). Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977). In *Marshall*, the Southern District of Florida (as did *Nelson v. Long Lines Ltd.*, 335 F.Supp.2d 944 (N.D. Iowa 2004)), made it clear that the $500,000 prong may be met by stacking the income of a common enterprise involved in a unified business purpose. *Marshall,* 1977 U.S. Dist. LEXIS 14681, *2. *Marshall* used "a liberal construction of the Act" and found "that the defendants were clearly an enterprise…." *Id.* at *9.

---

[6] The term "enterprise" is defined under 29 USC Section 203(r)(1). Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977). In *Marshall*, the Southern District of Florida (as did *Nelson v. Long Lines Ltd.*, 335 F.Supp.2d 944 (N.D. Iowa 2004), made it clear that the $500,000 prong may be met by stacking the income of a common enterprise involved in a unified business purpose. *Marshall,* 1977 U.S. Dist. LEXIS 14681, *2. *Marshall* used "a liberal construction of the Act" and found "that the defendants were clearly an enterprise…." *Id.* at *9.

Plaintiff must be permitted discovery to explore joint enterprise matters. Plaintiff needs discovery to address the said issues to establish a factual record that can be presented to the Court and/or Jury. Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN, are denying joint employer and joint enterprise. Plaintiff is entitled to have adequate discovery to address the factual arguments regarding the economic realities test, which is not appropriate at this stage prior to adequate discovery related to same. For example, Plaintiff needs to have an opportunity to depose Defendants' employees and question them about the interrelationship between Defendants.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT ENTRY OF AN ORDER PERMITTING PLAINTIFF TO EXCEED THE DEPOSITION LIMIT SET FORTH IN RULE 30(A)(2)(A) AND CONDUCT AN ADDITIONAL FOUR (4) DEPOSITION OVER THE PERMITTED TEN (10) DEPOSITIONS.

**CERTIFICATE OF CONFERRAL**

Defendants oppose this Motion and the relief sought herein.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
Neil Tobak, Esquire
Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 10/3/17 TO:**

**MATTHEW LETO, ESQ.[7]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.[8]
BERENS, FERNANDEZ & ASSOCIATES, P.A.
2100 PONCE DE LEON BLVD., PENTHOUSE 2
CORAL GABLES, FLORIDA 33134
PH: (305) 329-2990
EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM
PLEADINGS@BERENSFERNANDEZ.COM
FRAGA@BERENSFERNANDEZ.COM**

**BY:__/s/_ Neil Tobak_____
NEIL TOBAK, ESQ.**

---

[7] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[8] Defense counsel, Mr. Fernandez, Esq., only represents Defendant, DAGOBERTO FREITAS.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

LEONEL ROMELI MIX DONIS, and all )
others similarly situated under 29 U.S.C. )
216(b), )
       Plaintiff, )
  vs. )
)
A&A AUTO PRIDE, L.L.C. d/b/a SUNNY )
ISLES MOBIL, )
ALEXANDER AYZEN, )
DAGOBERTO FREITAS, )
)
       Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EXCEED THE DEPOSITION LIMIT**

This cause, having come before the Court on the above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted as follows:

PLAINTIFFS SHALL EXCEED THE DEPOSITION LIMIT SET FORTH IN RULE 30(a)(2)(A) AND MAY TAKE FOUR (4) DEPOSITIONS IN EXCESS OF THE TEN (10) DEPOSITIONS PERMITTED UNDER THE APPLICABLE FEDERAL RULES.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

                                                      _____
                                                      ALICIA M. OTAZO-REYES.
                                                      UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record