UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23039-CIV-AOR
[Consent Case]

LEONEL ROMELI MIX DONIS, and all
others similarly situated under 29 U.S.C.
216(b)

    Plaintiff,
v.

A&A AUTO PRIDE, L.L.C., d/b/a
SUNNY ISLES MOBIL, ALEXANDER
AYZEN, DAGOBERTO FREITAS

    Defendants.
_____/

**DEFENDANTS, A & A AUTO PRIDE, LLC AND ALEXANDER AYZEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXCEED DEPOSITION LIMIT**

Defendants, A & A AUTO PRIDE, LLC and ALEXANDER AYZEN, by and through their undersigned counsel, file the following Opposition to Plaintiff's Motion for Leave to Exceed the Deposition Limit [D.E. 84], and as grounds therefore, state as follows:

**INTRODUCTION**

Plaintiff's request to exceed the deposition limitation set forth in the Federal Rules of Civil Procedure is nothing more than an effort to drive up the costs of litigation and create financial pressure on the Defendants.

As set forth in Defendants' previously filed Motion for Sanctions[1], Plaintiff initiated this lawsuit alleging that that Defendant Auto Pride was Plaintiff's "FLSA employer" and Ayzen "was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work schedule… " [D.E. 35 at ¶ ¶ 3 and 4.]   Notwithstanding these allegations, Plaintiff admitted that he was employed by Co-Defendant, Freitas, and Defendants' Auto Pride and Ayzen did not hire him,

---

[1] This Motion was denied without prejudice.

{10826/00506480.1}       1

had no control over his work, and were not responsible for paying his wages. [D.E. 57 at pg. 3]. Plaintiff also admitted that Freitas was merely a tenant on Auto Pride's property and operated the car wash autonomously. *Id.* Nonetheless, Plaintiff has continued his efforts to drive up the costs in this case.

To date, Plaintiff has conducted the following six depositions: (i) Alexander Ayzen; (ii) Dagoberto Freitas; (iii) Corp. Rep. of A & A Auto Pride; (iv) Joel Kupferman; (v) Corp. Rep. of USA Tax Corp.; and (vi) Corp. Rep. of Formula 79. Plaintiff also noticed the depositions of Advanced Auto Parts and Home Depot, who did not appear for their depositions. Finally, the Plaintiff has scheduled the depositions of Freitas' two sons for later this year.

Having reached the ten deposition limit, Plaintiff is now seeking to take *five* additional depositions – all former employees of A & A. As demonstrated below, good cause does not exist to allow Donis to continue his path of taking meritless discovery on a meritless case. No additional discovery will change Donis' *own admission* that he never worked for A & A Auto Pride or Alexander Ayzen. Defendants should not be required to spend thousands of dollars in attorney's fees for the Plaintiff to conduct limitless depositions that will not change the facts of this case or his own admissions.

## MEMORANDUM OF LAW

"Under the rule, the court must grant leave [to take the excess depositions] to the extent consistent with Rule 26(b)(2)." *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010) *citing* Fed.R.Civ.P. 30(a)(2)(A)(i). "Rule 26(b)(2)(C), Fed.R.Civ.P., in turn, requires the court to limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

>   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Id.*

"[A] party seeking more than ten depositions in a case must justify the necessity of each deposition *previously taken* without leave of court."  *Mazur v. Lampert*, 2007 WL 676096, at *1 (S.D. Fla. Feb. 28, 2007)(emphasis in original).  "Requiring the party to justify prior depositions precludes the possibility that a party could circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate." *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010)(internal citations omitted).  "Moreover, the moving party must make a particularized showing why extra depositions are necessary." *Mazur v. Lampert*, 2007 WL 676096, at *1 (S.D. Fla. Feb. 28, 2007).

Here, Plaintiff's motion completely fails to justify or address why he chose to proceed with the ten depositions that were initially noticed.  Due this failure alone, Plaintiff's request to exceed the deposition limit should be denied.

Plaintiff justification for additional depositions likewise fails.  Donis argues that the additional depositions are required because he will need to conduct discovery on issues of joint employer/joint enterprise.  However, Plaintiff's argument ignores that he failed to plead the existence of a joint enterprise or joint employer relationship in his Amended Complaint.  [D.E 35]. "To allege a joint enterprise, a plaintiff must allege facts that the businesses in question (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose." *Attai v. Delivery Dudes, LLC*, 2016 WL 828816 (S.D. Fla. 2016)(dismissing Complaint where joint enterprise and joint employer were not sufficiently pled). Notwithstanding his assertion of a "joint enterprise" in his Motion to Exceed the Deposition Limit,

Plaintiff has not raised this issue in the operative complaint and the deadline for doing so has expired.

Second, even assuming, *arguendo,* the issue of joint enterprise was properly raised in the Amended Complaint, pleading the existence of a joint enterprise is only "a basis for establishing *coverage* under the FLSA rather than *employer liability. Gavilan v. Balans, L.C.*, 2014 WL 6979625, at *2 (S.D. Fla. Dec. 9, 2014)(emphasis in original) *citing Cornell v. CF Center, LLC*, 410 Fed. Appx. 265, 267 (11th Cir.2011) ("The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship.")  Here, Plaintiff has disavowed the existence of joint enterprise or joint employment relationship and admits that Auto Pride and Ayzen did not hire him, had no control over his work, and were not responsible for paying his wages. [D.E. 57 at pg. 3].  Plaintiff also admitted that Freitas was merely a tenant on Auto Pride's property and operated the car wash autonomously. *Id.*

As such, no additional discovery is necessary.  To be sure, the cost burden associated with defending these additional depositions far outweighs the need for discovery given the Plaintiff's own admissions and the state of the pleadings.

## CONCLUSION

Based upon the forgoing, Defendants respectfully request that Plaintiff's Motion to Exceed the Deposition Limit be denied.

        Respectfully submitted,

        HALL, LAMB HALL & LETO, P.A.
*Attorneys for A & A Auto Pride and Ayzen*
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile:   (305) 374-5033
mleto@hlhlawfirm.com


By: ___/*s* Matthew P. Leto___
     MATTHEW P. LETO
     FBN: 014504

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served electronically on all counsel of record this 9th day of October, 2017:

Rivkah Jaff
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
rivkah.jaff@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
ntobak.zidellpa@gmail.com

Andres Fernandez
Samantha Fraga-Lopez
Berens Fernandez
2100 Ponce De Leon Blvd.
PH 2
Coral Gables, FL 33134
fraga@berensfernandez.com
Fernandez@berensfernandez.com
yumai@berensfernandez.com


     /*s* Matthew P. Leto
    MATTHEW P. LETO