UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23039-CIV-AOR
[Consent Case]

LEONEL ROMELI MIX DONIS, and all
others similarly situated under 29 U.S.C.
216(b)

    Plaintiff,
v.

A&A AUTO PRIDE, L.L.C., d/b/a
SUNNY ISLES MOBIL, ALEXANDER
AYZEN, DAGOBERTO FREITAS

    Defendants.
_____/

**DEFENDANTS, A & A AUTO PRIDE, LLC AND ALEXANDER AYZEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS [D.E. 96]**

Defendants, A & A AUTO PRIDE, LLC and ALEXANDER AYZEN, by and through their undersigned counsel, file the following Opposition to Plaintiff's Motion to Compel Better Responses to Plaintiff's Discovery and for Sanctions [D.E. 96], and as grounds therefore, state as follows:

**INTRODUCTION**

Knowing full well that Plaintiff's own testimony refutes any claims in this case against Auto Pride or Ayzen, Plaintiff nevertheless has continued his pursuit of this lawsuit. Plaintiff initiated this lawsuit alleging that that Defendant Auto Pride was Plaintiff's "FLSA employer" and Ayzen "was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work schedule… ." [D.E. 35 at ¶¶ 3 and 4.] Notwithstanding these allegations, Plaintiff has admitted that he was employed by Co-Defendant, Freitas, and Defendants' Auto Pride and Ayzen did not hire him, had no control over his work, and were not responsible for paying his wages. [D.E. 57 at pg. 3]. Plaintiff also admitted that Freitas was merely a tenant on Auto Pride's

property and operated the car wash autonomously. *Id.* Nonetheless, Plaintiff has continued his efforts to drive up costs in this case by seeking irrelevant and unnecessary discovery.

## **MEMORANDUM OF LAW**

### *Plaintiff Has Not Alleged Joint Employer/Joint Enterprise*

In his motion, as his single basis for justifying the requested documents, Donis argues that the "Plaintiff wishes to complete his due diligence regarding joint enterprise and joint employer issues and the discovery sought herein is germane to same." [D.E. 96 at pg. 6]. However, Plaintiff's argument ignores that he failed to plead the existence of a joint enterprise or joint employer relationship in his Amended Complaint. [D.E 35].

"To establish a prima facie case for failure to pay overtime compensation and/or minimum wages under FLSA, an employee must demonstrate: (1) **an employment relationship**, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept.*, Inc., 841 F. Supp. 2d 1274, 1277 (S.D. Fla. 2012), *aff'd,* 494 Fed. Appx. 940 (11th Cir. 2012)(emphasis added).

> Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency ..." 29 U.S.C. § 203(d). To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g). The determination of whether Plaintiff is an employee or a volunteer under FLSA is a question of law, *Patel v. Wargo*, 803 F.2d 632, 634 n. 1 (11th Cir.1986) (*citing Weisel v. Singapore Joint Venture, Inc*., 602 F.2d 1185, 1189 n. 11 (5th Cir.1979)), and individuals seeking compensation pursuant to the FLSA "bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act." *Purdham v. Fairfax County Sch. Bd*., 637 F.3d 421, 427 (4th Cir.2011).
>
> When analyzing whether an individual is an employee under the FLSA, the Supreme Court has held that courts should consider the FLSA's terms in light of the "economic reality" of the relationship between the parties. *Goldberg v. Whitaker House Co-op., Inc*., 366 U.S. 28, 33, 81 S.Ct. 933, 936–37, 6 L.Ed.2d 100 (1961). The economic reality test inquiries into whether the

>   alleged employer:
>
>   (1)  had the power to hire and fire the employees;
>   (2) supervised and controlled employee work schedules or conditions of employment;
>   (3) determined the rate and method of payment; and
>   (4) maintained employment records.

*Id*. at 1278.  Here, it is undisputed that A & A Auto Pride (i) did not hire or fire Plaintiff, (ii) did not supervise or control Plaintiff's work, (iii) did not pay Plaintiff, (iv) does not have any employment records.  Plaintiff also recognizes that he "worked for [Freitas]." [D.E. 57 at pg. 3].  Because A & A Auto Pride did not have any employment relationship with Plaintiff, his claims for unpaid wages should fail as a matter of law.

To the extent that Plaintiff now seeks to shift theories and conduct discovery on the issue of joint enterprise or joint employer, Defendants did not plead the existence of a joint enterprise or joint employer relationship.  [D.E 35].  "To allege a joint enterprise, a plaintiff must allege facts that the businesses in question (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose."  *Attai v. Delivery Dudes, LLC*, 2016 WL 828816 (S.D. Fla. 2016)(dismissing Complaint where joint enterprise and joint employer were not sufficiently pled).  Plaintiff has not raised this issue in the operative complaint and the deadline for doing so has expired.

Second, even assuming, *arguendo,* the issue of joint enterprise was properly raised in the Amended Complaint, pleading the existence of a joint enterprise is only "a basis for establishing *coverage* under the FLSA rather than *employer liability*. *Gavilan v. Balans, L.C*., 2014 WL 6979625, at *2 (S.D. Fla. Dec. 9, 2014)(emphasis in original) *citing Cornell v. CF Center, LLC*, 410 Fed. Appx. 265, 267 (11th Cir.2011) ("The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship.")  Here, Plaintiff has disavowed the existence of joint enterprise or joint employment relationship and admits that Auto Pride and Ayzen did not hire him, had no control over his work, and were not

responsible for paying his wages. [D.E. 57 at pg. 3]. Plaintiff also admitted that Freitas was merely a tenant on Auto Pride's property and operated the car wash autonomously. *Id.*

As such, the requested discovery is wholly irrelevant to this case and the objections should be sustained.

## CONCLUSION

Based upon the forgoing, Defendants respectfully request that their objections be sustained. To the extent that any portion of Plaintiff's motion is granted, sanctions are not warranted as the objections were made in good faith and were substantially justified given Plaintiff's failure to allege a theory of joint employer or joint enterprise.

Respectfully submitted,

HALL, LAMB HALL & LETO, P.A.
*Attorneys for A & A Auto Pride and Ayzen*
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile:   (305) 374-5033
mleto@hlhlawfirm.com


By: ___/s Matthew P. Leto___
        MATTHEW P. LETO
        FBN: 014504

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served electronically on all counsel of record this 1st day of March, 2018:

Rivkah Jaff
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
rivkah.jaff@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
ntobak.zidellpa@gmail.com

Andres Fernandez
Samantha Fraga-Lopez
Berens Fernandez
2100 Ponce De Leon Blvd.
PH 2
Coral Gables, FL 33134
fraga@berensfernandez.com
Fernandez@berensfernandez.com
yumai@berensfernandez.com

                                               /s Matthew P. Leto
                                               MATTHEW P. LETO