UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| LEONEL ROMELI MIX DONIS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT BY INTERLINATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AND SERVE SECOND AMENDED COMPLAINT *NUNC PRO TUNC***

NOW COMES the Plaintiff, by and through undersigned, pursuant to 29 U.S.C. 216(b), and requests entry of an order granting the above-described Motion *Nunc Pro Tunc* and as grounds thereof states as follows:

1. On July 13, 2016, Plaintiff filed the initial Complaint alleging overtime and minimum wage violations under 29 U.S.C. 201-216. [DE1].

2. Per the Court's Order granting Plaintiff's Motion for Leave to File and Serve Amended Complaint, on May 8, 2017, Plaintiff filed his First Amended Complaint [DE35].

3. Per the Court's Scheduling Order [DE33], the deadline to amend pleadings was May 8, 2017.

4. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court wrote that "this mandate is to

**1** of **10**

be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). A Rule 16 scheduling order may be modified upon a showing of good cause. *See, Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998).

5.  Since it is clear that potential liability for the relevant employment period is justified regarding all Defendants, Plaintiff finds it necessary to seek leave to add allegations regarding joint employer and joint enterprise with regards to the named Defendants. Defendants will not be prejudiced as Plaintiff has conducted discovery relevant to same and Plaintiff's position throughout the course of the instant matters has made said allegations clear. As such, the amendment would be so that Plaintiff's allegations are well plead in the operative Complaint as it is important to include all allegations in this matter at this stage in the litigation.

6.  Under information and belief, Defendants are part of a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between Defendants are performed through unified operation and/or common control, are being done for a common business purpose. Said Defendants act in tandem and for purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

7.  Therefore, Plaintiff herewith moves this Court to add joint employer and joint enterprise allegations to the First Amended Complaint [DE35] through interlineations or, in the alternative, to file and serve Plaintiff's Second Amended Complaint alleging same. Plaintiff also respectfully requests the Court Order Defendants their answer(s) or other responsive pleading(s) to Plaintiffs' Second Amended Complaint within 10 days of this

order should the Court determine that an Amended Complaint is the more appropriate course of action rather than amending through interlineation.

## MEMORANDUM OF LAW

The deadline to amend has passed however, the case law is uniform that 29 U.S.C. 216(b) should be construed liberally to meet the objective of the avoidance of a multiplicity of lawsuits. *Culver v. Bell & Loffland, Inc.*, 146 F.2d 29 , (9th Cir. 1944).Also See *Shain v. Armour & Co.*, 40 F. Supp 488 (DC Ky, 1941). *Smith v. Stark Trucking, Inc.* 53 F. Supp 826, (DC Ohio 1943).(the purpose of 29 U.S.C. 216(b) is to allow similarly situated employees to have their cases heard in one action.) *Fowkes v. Dravo Corp.*, 62 F. Supp 361 (DC Pa. 1945).  (Joinder, under the "Act", of additional parties should be liberally allowed to meet objective of the avoidance of a multiplicity of lawsuits.); *See also, Barrett v. National Malleable & Steel Castings Co.* (DC Pa. 1946). Plaintiff states that the aforesaid demonstrates good cause to allow the requested amendment *nunc pro tunc*.

Plaintiff finds that the issue of joint employer and joint enterprise is fact intensive, and discovery was necessary to ensure Plaintiff did not mistakenly concede liability as to any incorrect time periods regarding the various Defendants  the Parties have been engaged in extensive discovery thus far.

The issues of joint employment (that involves the economic realities test) and joint enterprise, are very fact specific which necessitates discovery.  For example, in applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the

service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). *See Layton v. DHL Express, Inc.*, 686 F.3d 1172, 2012 U.S. App. LEXIS 13978, (11th Cir. 2012). An employment relationship is decided by applying the "economic realities test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001), and a crucial factor is determining whether Plaintiff was completely economically dependent on the Defendants. *See also Layton v. DHL Exp. (USA), Inc.,* 686 F.3d 1172, 1178-81 (11th Cir. 2012) (wherein it sets forth the various factors regarding joint employment). Clearly those factors (such as "nature and degree of control" etc.) are being fleshed out via the discovery mechanism.

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d

at 1511.  Financial control over a corporation is a significant factor in determining "employer" status.  *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).  Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control.  *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982).

Regarding joint enterprise the analysis is different in that it focuses on common business purpose and ownership.   Related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose."  *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974).[1]  The term "enterprise" is defined under 29 USC Section 203(r)(1). Under enterprise coverage, "related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose."  *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974).  The term "enterprise" is defined under

---

[1] The term "enterprise" is defined under 29 USC Section 203(r)(1).  Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977).  In *Marshall*, the Southern District of Florida (as did *Nelson v. Long Lines Ltd.*, 335 F.Supp.2d 944 (N.D. Iowa 2004), made it clear that the $500,000 prong may be met by stacking the income of a common enterprise involved in a unified business purpose. *Marshall,* 1977 U.S. Dist. LEXIS 14681, *2.  *Marshall* used "a liberal construction of the Act" and found "that the defendants were clearly an enterprise…." *Id.* at *9.

29 USC Section 203(r)(1).  Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977). *Marshall* used "a liberal construction of the Act" and found "that the defendants were clearly an enterprise…." *Id.* at *9. [2]

Plaintiff has been pursuing discovery regarding the theory that "related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose." *Brennan v. Patio Cleaners, Inc*., 373 F.Supp 987, 990 (S.D. Ohio 1974).  The term "enterprise" is defined under 29 USC Section 203®(1).  Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977).  In *Marshall*, the Southern District of Florida (as did *Nelson v. Long Lines Ltd*., 335 F.Supp.2d 944 (N.D. Iowa 2004)), made it clear that the $500,000 prong may be met by stacking the income of a common enterprise involved in a unified business purpose.  *Marshall,* 1977 U.S. Dist. LEXIS 14681, *2.  *Marshall* used "a liberal construction of the Act" and found "that the defendants were clearly an enterprise…." *Id.* at *9.   Plaintiff has been exploring discovery to explore joint enterprise matters.

---

[2]Employer and its parent corporation, even though they were under common control, did not share common business purpose and were not engaged in related activities, and therefore they were not one enterprise under FLSA; parent corporation functioned as holding company for variety of different types of corporations while employer was solely involved in running resort operation. *Nelson v Long Lines Ltd.* (2004, ND Iowa) 335 F Supp 2d 944, 9 BNA WH Cas 2d 1754.  In the instant matter, although discovery has been withheld, there is a good faith basis to allege a common business purpose at this time.  *See also*, Two closely-held corporations with common shareholders are "enterprise" within meaning of 29 USCS § 203(r) where one corporation produces bakery goods for retail sales in convenience food stores of which second corporation is either owner-operator or franchisor. *Dunlop v Mother Hubbard's Kitchen, Inc. (1976, ED Mo) 418 F Supp 34, 79* CCH LC P 33451.

It is believed that both individual Defendants were the corporate officers and/or owners and/or managers of the Defendant Corporation who ran the day-to-day operations of that Corporate Defendant for the relevant time period and were responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and were therefore Plaintiff's employers as defined by 29 U.S.C. § 203(d). Defendants have testified that their relationship was primarily on a cash basis and, as such, Plaintiff has been exploring Defendants financial, by way of financial discovery (i.e. deposing Defendants' accountants, reviewing and analyzing responsive documents to written discovery (bank records), etc.) as this is clearly relevant and pertinent as to joint employer and joint enterprise issues and, among other things, financial dependence. Plaintiff needs an opportunity to gather evidence showing the extent that Defendants may have been involved and was, thus, economically dependent on the other which in turn will address whether all Defendants were Plaintiff's employer.

Plaintiff has alleged same in the operative Complaint [DE35] but wishes to clarify these allegations by specifically alleging the joint employer theory in the Complaint. Factual questions remain concerning whether the current Defendants are joint employers and joint enterprises. Based on current information available, it is necessary to add joint employer and joint enterprise allegations to the operative Complaint. Amending the complaint to include the above amendments would not be burdensome to any factual discovery as Plaintiff has been proceeding with discovery on these issues nor would it hinder any scheduling matters.

WHEREFORE PLAINTIFF HEREWITH MOVES THIS COURT TO ADD JOINT EMPLOYER AND JOINT ENTERPRISE ALLEGATIONS TO THE FIRST AMENDED COMPLAINT [DE35] THROUGH INTERLINEATIONS OR, IN THE ALTERNATIVE, TO FILE AND SERVE PLAINTIFF'S SECOND AMENDED COMPLAINT ALLEGING SAME.

PLAINTIFF ALSO RESPECTFULLY REQUESTS THE COURT ORDER DEFENDANTS

THEIR ANSWER(S) OR OTHER RESPONSIVE PLEADING(S) TO PLAINTIFFS' SECOND

AMENDED COMPLAINT WITHIN 10 DAYS OF THIS ORDER SHOULD THE COURT

DETERMINE THAT AN AMENDED COMPLAINT IS THE MORE APPROPRIATE

COURSE OF ACTION RATHER THAN AMENDING THROUGH INTERLINEATION.

## CERTIFICATE OF CONFERRAL

Defendants oppose the requested relief.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS SENT VIA CM/ECF ON 3/2/18 TO:**

**MATTHEW LETO, ESQ.[3]
HALL, LAMB AND HALL, P.A.
2665 SOUTH BAYSHORE DR.
PENTHOUSE ONE
MIAMI, FL 33133
305-374-5030
FAX: 305-374-5033
EMAIL: MLETO@HLHLAWFIRM.COM**

**ANDRES F. FERNANDEZ, ESQ.[4]**

---

[3] Defense counsel, Mr. Leto, Esq., only represents Defendants, A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, and ALEXANDER AYZEN.

[4] Defense counsel, Mr. Fernandez, Esq., only represents Defendant Dagoberto Freitas.

**BERENS, FERNANDEZ & ASSOCIATES, P.A.**
**2100 PONCE DE LEON BLVD., PENTHOUSE 2**
**CORAL GABLES, FLORIDA 33134**
**PH: (305) 329-2990**
**EMAIL: FERNANDEZ@BERENSFERNANDEZ.COM**
**PLEADINGS@BERENSFERNANDEZ.COM**

**BY:\_\_\_/s/\_\_\_Rivkah Jaff_____**
**RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-23039-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| LEONEL ROMELI MIX DONIS, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| A&A AUTO PRIDE, L.L.C. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS, | ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT BY INTERLINATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AND SERVE SECOND AMENDED COMPLAINT *NUNC PRO TUNC***

This cause, having come before the Court on Plaintiff's above-described Motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is granted and therefore:

1.  PLAINTIFF'S FIRST AMENDED COMPLAINT [DE35] IS HEREBY AMENDED THROUGH INTERLINEATION ADDING ALLEGATIONS REGARDING JOINT EMPLOYER AND JOINT ENTERPRISES.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2018.

_____
ALICIA OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record