UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23039-CIV-AOR
[Consent Case]

LEONEL ROMELI MIX DONIS, and all
others similarly situated under 29 U.S.C.
216(b)

    Plaintiff,
v.

A&A AUTO PRIDE, L.L.C., d/b/a
SUNNY ISLES MOBIL, ALEXANDER
AYZEN, DAGOBERTO FREITAS

    Defendants.
_____/

**DEFENDANTS, A & A AUTO PRIDE, LLC AND ALEXANDER AYZEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT BY INTERLINEATION, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE AND SERVE SECOND AMENDED COMPLAINT *NUNC PRO TUNC* [D.E. 99]**

Defendants, A & A AUTO PRIDE, LLC and ALEXANDER AYZEN, by and through their undersigned counsel, file the following Opposition to Plaintiff's Motion for Leave to Amend, and as grounds therefore, state as follows:

### INTRODUCTION

Almost ten months after the expiration of the May 8, 2017 deadline for amending pleadings, a mere forty-three days prior to the expiration of the discovery deadline, and after all depositions have been completed in this case, Plaintiff has sought to amend his Complaint to add a totally new theory of recovery that he has been (or should have been) aware of since the inception of this case[1]. [D.E. 33]. Significantly, Plaintiff's motion does not even attempt to establish the required showing of good cause to allow for this amendment after the deadline has expired.

---

[1] Plaintiff has also failed to attach a proposed amended complaint to its Motion. Therefore, even if good cause exists to permit this amendment after the expiration of the deadline, Defendants are unable to determine if the proposed amendment would be futile. "Filing a motion is the proper

{10826/00527351.1}    1

Plaintiff initiated this lawsuit alleging that that Defendant Auto Pride was Plaintiff's "FLSA employer" and Ayzen "was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work schedule… ." [D.E. 35 at ¶ ¶ 3 and 4.]  These allegations were false. During Plaintiff's deposition, which was taken on March 30, 2017 (and prior to the deadline for amending pleadings) Plaintiff admitted that he was employed by Co-Defendant, Freitas. [D.E. 57 at pg. 3]. Plaintiff also admitted that Defendants' Auto Pride and Ayzen did not hire him, had no control over his work, and were not responsible for paying his wages. [D.E. 57 at pg. 3]. Plaintiff then conceded that Freitas was merely a tenant on Auto Pride's property and operated the car wash autonomously. *Id.*  Because these admissions demonstrate the frivolousness of Plaintiff's allegations, he now seeks to completely change his theory of the case.[2]

However, Plaintiff dragged his feet for close to one year and has waited until the eve of the discovery cut-off date to do so. Plaintiff cannot seriously contend that he was unaware of this claim until recently either. For the past seven months, Defendants continually identified the Plaintiff's failure to plead a theory of joint employer/joint enterprise in its First Amended Complaint in the following motions:

(i) August 28, 2017 opposition to Plaintiff's Motion for Enlargement of Time to Respond to Defendants' Motion for Rule 11 Sanctions [D.E. 67];

(ii) October 9, 2017 opposition to Plaintiff's Motion for Leave to Exceed Deposition Limit [D.E. 87]; and

(iii) March 1, 2018 opposition to Plaintiff's Motion to Compel [D.E. 98.

---

method to request leave to amend a complaint, and in moving for leave to amend, a plaintiff must comply with Rule 7(b) by either set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment." *Tepper-Barak v. JM Auto, Inc.,* 2016 WL 6082358, at *3 (S.D. Fla. Oct. 18, 2016) (internal citations omitted).

[2] Defendants plan to file a motion for summary judgment after the hearing that is scheduled on Plaintiff's Motion to Compel is completed so that all discovery is over at the time it is filed. The deadline for dispositive motions is April 28, 2018. [D.E. 33].

{10826/00527351.1}   2

Nonetheless, Plaintiff failed to take any action until March 2, 2018. Allowing the amendment at this stage would severely prejudice the Defendants and cause a delay of the specifically set trial. Accordingly, his request should be denied.

## MEMORANDUM OF LAW

"Under Federal Rule of Civil Procedure 15(a)(2), a court should 'freely give leave [to amend pleadings] when justice so requires.'" *Dixon v. United States*, 2016 WL 10587946, at *2 (S.D. Fla. Nov. 4, 2016). "This liberal amendment policy, however, is limited by the scheduling orders required by Federal Rule of Civil Procedure 16." *Id.* "Rule 16(b) mandates that a district court enter a scheduling order that limits the time to amend the pleadings in order to 'assure[ ] that at some point ... the pleadings will be fixed.'" *Id.* (internal citations omitted). "Thus, when a party moves to amend a pleading after the deadline set in a court's scheduling order, the court must first consider Rule 16(b)'s 'good cause' standard before looking to Rule 15(a)'s 'when justice so requires' standard. *Id. citing Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

"This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Hurtado v. Raly Dev., Inc.*, 281 F.R.D. 696, 699 (S.D. Fla. 2012) (citations omitted). "Absent good cause, courts in the Eleventh Circuit routinely dismiss amendments to a Court's scheduling order." *Sedna Aire USA, Inc. v. Sunologi, Inc.*, 2016 WL 8716722, at *3 (S.D. Fla. Nov. 18, 2016) *citing Senger Bros. Nursery v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 678 (M.D. Fla. 1999) ("While timely motions for leave to amend are held to a very liberal standard, motions for leave to amend filed after the district court's deadline as set forth in the scheduling order should be denied.") (citation omitted); *Payne v. Ryder Sys., Inc. Long Term Disability Plan,* 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("The Eleventh Circuit

has consistently held that motions filed after a deadline imposed by a court should be denied as untimely."); *see also St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 2007 WL 9698311, at *2 (S.D. Fla. Aug. 2, 2007)(denying motion for leave to amend filed eight months after the joinder period).

"The Eleventh Circuit has announced that the good cause standard 'precludes modification [of a scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Girard v. Aztec RV Resort, Inc.*, 2011 WL 7962612, at *2 (S.D. Fla. Oct. 4, 2011) *citing Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).[3] "Put another way, if the party seeking the extension was not diligent, the good cause inquiry ends with a denial of the motion to amend." *Id.* "Three factors may be considered to determine whether a party has acted with reasonable diligence under the Rule: whether (1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, the plaintiff delayed in asking for amendment." *Wolf v. Celebrity Cruises, Inc.,* 304 F.R.D. 698, 699 (S.D. Fla. 2015). "Further, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Girard, supra.* "Accordingly, the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Id.*

Under the aforementioned standard, Plaintiff's motion should be denied. As an initial matter, Plaintiff completely fails to explain how good cause exists to modify the scheduling order. All of the information necessary to support the proposed amendment was available to the Plaintiff prior to filing this lawsuit. Even if some discovery was necessary, Plaintiff certainly knew that his claim against Auto Pride and Ayzen – as pled - was without merit right after Plaintiff's deposition.

---

[3] Counsel in this matter, JH Zidell, P.A., was also counsel in the *Girard* case.

{10826/00527351.1}  4

If a new theory of recovery was warranted at that time, Plaintiff had ample opportunity to file a motion for leave to amend prior to the expiration of the amendment deadline.

Making matters worse, Defendants continually objected to any claim of joint employer/joint enterprise throughout the course of this litigation. Instead of seeking leave to amend in response to Defendants' clearly stated position, Plaintiff sat on his hands and waited until all of the depositions in this case had been completed. Allowing the amendment at this time would require each of the witnesses to be deposed again and would cause the trial date to be continued.

## **CONCLUSION**

Plaintiff has failed to demonstrate good cause to allow modification of the scheduling order. Even if good cause had been shown, granting Plaintiff's motion at this late stage would delay the trial in this case, cause additional fees and costs to be unnecessarily incurred, and would prejudice Defendants. Plaintiff's Motion should be denied.

Respectfully submitted,

HALL, LAMB HALL & LETO, P.A.
*Attorneys for A & A Auto Pride and Ayzen*
Offices at Grand Bay Plaza
Penthouse One
2665 South Bayshore Drive
Miami, Florida 33133
Telephone: (305) 374-5030
Facsimile:   (305) 374-5033
mleto@hlhlawfirm.com

By:  ___/*s* Matthew P. Leto___
       MATTHEW P. LETO
       FBN: 014504

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the forgoing was served electronically on all counsel of record this 6th day of March, 2018:

Rivkah Jaff
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
rivkah.jaff@gmail.com

Neil Tobak
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
ntobak.zidellpa@gmail.com

Andres Fernandez
Samantha Fraga-Lopez
Berens Fernandez
2100 Ponce De Leon Blvd.
PH 2
Coral Gables, FL 33134
fraga@berensfernandez.com
Fernandez@berensfernandez.com
yumai@berensfernandez.com

                                              /s Matthew P. Leto
                                              MATTHEW P. LETO