UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-23039-CIV-OAR

LEONEL ROMELI MIX DONIS,

    Plaintiff,

vs.

A&A AUTO PRIDE, LLC. d/b/a SUNNY ISLES MOBIL, ALEXANDER AYZEN, DAGOBERTO FREITAS

    Defendants.
_____/

**DEFENDANT DAGOBERTO FREITAS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT BY INTERLINATION OR, IN ALTERNATIVE, FOR LEAVE TO FILE AND SERVE SECOND AMENDED COMPLAINT *NUNC PRO TUNC***

    Defendant, DAGOBERTO FREITAS ("Freitas"), by and through his undersigned counsel, hereby files his Response in opposition to Plaintiff's Motion to Amend the First Amended Complaint by Interlination or, in the Alternative, for Leave to File and Serve Second Amended Complaint *Nunc Pro Tunc* (hereinafter referred to as "Motion to Amend") and in support states as follows:

    1.    This action was initially filed on July 13, 2016 [D.E. 1], for overtime and minimum wages allegedly owed to Plaintiff.

    2.    The deadline to amend the pleadings was May 8, 2017 [D.E. 33]. Plaintiff now seeks to amend for a second time, to add joint employment and joint enterprise allegations to the First Amended Complaint. Plaintiff first moved to amend the initial Complaint on May 8, 2017 [D.E. 35], and added a footnote that states:

> "[2]Plaintiff has not located a legal entity affiliated with the company owned and operated by DAGOBERTO FREITAS upon diligent search and relation to the Division of Corporation, but reserves the right to add an entity Defendant should discovery reveal entity that can be sued."

Plaintiff knew that FREITAS was not affiliated with Defendant, A & A AUTO PRIDE, L.L.C. ("A & A AUTO), and ALEXANDER AYZEN ("AYZEN"). During discovery, this information was confirmed. Further, Plaintiff named A & A AUTO and AYZEN as named Defendants in Plaintiff's initial Complaint, and nowhere in the Complaint or in the First Amended Complaint does Plaintiff allege joint employment and joint enterprise.

3. In this case, Plaintiff seeks to amend for the second time, almost 10 months after the deadline to amend had expired and only now (one month before the discovery deadline) moves to amend.

4. Plaintiff has not explained how and what information was discovered that shows if the amendment could have been timely made. FREITAS, A & A AUTO, and AYZEN's depositions were conducted on July 17, 2017. Additionally, FREITAS provided Plaintiff with his responses to first set of discovery back in July 13, 2017. Plaintiff alleges in the Motion to Amend that discovery relevant to same had been conducted. However, Plaintiff does not attached a copy of any deposition transcript or any documentation that reveals new information was discovered during the discovery period.

5. Plaintiff fails to show what information and believes were learned to show how Defendants allegedly operated as a "joint enterprise" and "joint employment". Plaintiff has always been informed that A & A AUTO and AYZEN never employed Plaintiff and that in fact, was employed by FREITAS as an independent contractor. FREITAS does not control the purse strings of the corporation. FREITAS simply rented a section in the gas station.

6.	Moreover, the amendment sought would be futile. Plaintiff fails to attach a proposed second amended complaint that alleges a "joint enterprise" theory. Additionally, Plaintiff fails to establish good cause for the amendment.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedures 15(a)(2), the Court should "Freely give leave when justice so requires." However, "'Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *See* Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000), abrogated by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010)).

Plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16 before a court will consider whether an amendment is proper. Plaintiff's Motion to Amend fails to show "good cause" on why the Court's scheduling order should be modified. "The good cause standards precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension'" *See* Sosa v. Airprint Sys., Inc., 133 F.3d 1418 (11th Cir. 1998). The inquiry into good cause ends if the court funds that the party lacked due diligence.

The key on establishing good cause is to demonstrate diligence. Diligence is evaluated by considering the following factors: (1) whether the Plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to Plaintiff; and (3) whether even after

acquiring the information, the plaintiff delayed in seeking the amendment. *See* Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009).

Plaintiff makes no attempts to explain why due diligence could not have revealed the information allegedly obtained during discovery. Plaintiff fails to state why these facts weren't known prior to the filing of the complaint; why such information was unavailable; and when it was discovered. *See*, e.g., Auto-Owners Ins. Co., 648 F. Supp. 2d at 1375.

In Gonzalez v. Old Lisbon Rest. & Bar L.L.C., 820 F. Supp. 2d 1365, 1369 (S.D. Fla. 2011), defendants' filed a motion to dismiss plaintiff's amended complaint since plaintiff failed to state a claim under a joint enterprise theory. Plaintiff did not sufficiently allege the related activities performed for the common business and, therefore, the court granted defendants' motion to dismiss, and stated:

> This paragraph is insufficient to state a claim under a joint enterprise theory because it contains only bare legal conclusions and does not specifically allege any actual facts describing Defendants or their businesses. *See* Perez v. Muab, Inc., No. 10–62441–Civ, 2011 WL 845818, at *1–2 (S.D. Fla. March 7, 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff alleged only that defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) (and (s) (1), which has employees subject to the provisions of the FLSA ... in the store where Perez was employed")); Kendrick v. Eagle Int'l Grp., LLC, No. 08–80909–CIV, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that [defendant] ... is an employer under the FLSA.").

WHEREFORE, Defendant, FREITAS, respectfully requests the Court enter an order denying Plaintiff's Motion to Amend the First Amended Complaint by Interlination or, in the Alternative, for Leave to File and Serve Second Amended Complaint *Nunc Pro Tunc*, along with any other relief the Court deems just and necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing notice was furnished via transmission of Electronic Filing generated by CM/ECF, on this 7th day of March, 2018, to the parties identified on the attached service list.

**BERENS FERNANDEZ & ASSOCIATES, P.A.**
*Counsel for Defendant Dagoberto Freitas*
2100 Ponce de Leon Boulevard, PH-2
Coral Gables, Florida 33134
Telephone. (305) 329-2990

*/s/*Andres F. Fernandez
ANDRES F. FERNANDEZ
Florida Bar No.: 111967
Fernandez@berensfernandez.com
Pleadings@berensfernandez.com

## SERVICE LIST

Allyson Morgado
Corona Law Firm
3899 NW 7th Street
2nd Floor
Miami, Florida 33126
E-mail: amorgado@coronapa.com

Neil Tobak
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: ntobak.zidellpa@gmail.com

Jamie H. Zidell
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: zabogado@aol.com

Rivkah Fay Jaff
J.H. Zidell, P.A.
300 71st
Suite 605
Miami Beach, Florida 33141
E-mail: rivkah.jaff_@gmail.com

Matthew Leto
Hall, Lamb, and Hall, P.A.
2665 South Bayshore Dr.
Penthouse One
Miami, Florida 33133
E-mail: mleto@hlhlawfirm.com

                                                       */s/ Andres F. Fernandez*
                                                       Andres F. Fernandez, Esquire